UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMUEL H. SLOAN,
                              Plaintiff,

             -against-

MICHAEL MICHEL, et al.,
                            Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/9/15

15 Civ. 6963 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

      On September 3, 2015, Plaintiff Samuel H. Sloan, proceeding pro se, filed a Complaint and a proposed Order to Show Cause seeking to "restor[e] Sam Sloan and 10 other candidates for Judicial Delegate plus one candidate for Supreme Court Judge to the Primary Election to be held on September 10, 2015." Based on the facts alleged and relief requested therein, the Court construes the Complaint as a request for injunctive relief. The Complaint purports to be brought under 42 U.S.C. § 1983, 42 U.S.C. § 1988, the First Amendment and Fourteenth Amendment. For the following reasons, the request for injunctive relief is denied.

## I.    LEGAL STANDARD

      To obtain a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). If, as here, a party seeks "a mandatory injunction (one that will alter the status quo) rather than a prohibitory injunction (one that maintains the status quo)," the burden is more onerous and the party seeking the mandatory injunction "must show a clear or substantial likelihood of success." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 97 (2d Cir. 2005).

**II.    DISCUSSION**

Plaintiff has failed to make the requisite showing of a clear or substantial likelihood of success on the merits of his claims for at least three reasons.  First, Plaintiff's claims may be precluded as a matter of law as they appear to have been heard and decided in New York state court.  "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463 (2d Cir. 1996) (quoting *Federated Dep't. Stores, Inc. v. Moitie*, 42 U.S. 394, 398).  Here, the Complaint asserts that Plaintiff filed an action in New York state court on or around July 23, 2015, related to the same issues alleged in this action and appears to state that Plaintiff obtained an unfavorable ruling in New York state court.  Plaintiff's claims therefore are likely be precluded.

Second, although Plaintiff asserts claims under the First and Fourteenth Amendments, the gravamen of Plaintiff's claims is that his exclusion from the ballot was erroneous under state law. In particular, the Complaint alleges that the Board of Election improperly conducted a line-by-line review of the petitions at issue "when no proper objection by a voter ha[d] been filed." These claims appear to be untimely.  New York Election Law § 16-102 requires that proceedings regarding ballot petitions must be filed within the later of fourteen days after the petition was filed or three business days after a determination that the petition was invalid.  Here, the Complaint asserts that the petitions at issue were filed on July 8, 2015, and ruled invalid by July 23, 2015.  Plaintiff, however, did not commence this action until September 3, 2015.  This litigation therefore appears to be untimely.  *See, e.g.*, *Harris v. Diaz*, No. 04 Civ. 9124, 2004 WL 2912888, at *5-6 (S.D.N.Y. Dec. 14, 2004); *Herrington v. Cuevas*, No. 97 Civ. 5806, 1997 WL 703392, at *3-5 (S.D.N.Y. Nov. 10, 1997); *Matter of Gangemi v. Bd. of Elections of the City of*

*N.Y.*, 109 A.D.3d 541, 541-42 (2d Dep't 2013).

Third, to the extent Plaintiff asserts that he is deprived of his "constitutional First Amendment right to vote," this claim appears unlikely to succeed as Plaintiff does not allege that he is prevented from accessing the polls or casting any vote for any candidate. Rather, Plaintiff challenges his ability to vote for the candidate of his choice, which is not an absolute right. The rights to "vote in any manner" and "to associate for political purposes through the ballot" are not absolute because regulation of elections is necessary for the fair, honest, and orderly administration of elections, and election laws "invariably impose some burden upon individual voters." *Burdick v. Takushi,* 504 U.S. 428, 433 (1992); *accord Rivera–Powell v. N.Y.C. Bd. of Elections,* 470 F.3d 458, 469 n. 15 (2d Cir. 2006) ("Many restrictions, such as signature requirements, not only do not burden voters' constitutional rights to associate, but are, as a practical matter, necessary to ensure the orderly functioning of elections."). Here, the Complaint makes conclusory allegations that Plaintiff's right to vote is violated as "[t]he right for a candidate to appear on the ballot is integral to the right to vote . . . ." Accordingly, Plaintiff has not shown a likelihood of success that his right to vote for a specific candidate, even if impeded by election laws governing signatures required for a candidate to appear on the ballot, is a recognized constitutional injury.

Beyond likelihood of success, Plaintiff also has failed to demonstrate that the balance of equities "tip[s] decidedly" in his favor or that an injunction is in the public's interest. *See Otoe-Missouria Tribe of Indians v. N.Y. Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014).

## III.   CONCLUSION

For the foregoing reasons, Plaintiff has failed to demonstrate that he is entitled to

3

mandatory injunctive relief. Accordingly, Plaintiff's request for mandatory injunctive relief is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

Dated: September 9, 2015
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**