15-CV-6963 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL H. SLOAN,

Plaintiff,

- against -

MICHAEL MICHEL, JOSE MIGUEL ARAUJO,
RONALD CASTORINA JR., JOHN FLATEAU, MARIA
R. GUASTELLA, MICHAEL A. RENDINO, ALAN
SCHULKIN, SIMON SHAMOUN, GREGORY C.
SOUMAS, MICHAEL J. RYAN, BIANKA PEREZ,
STEVEN HOWARD RICHMAN, JERRY H.
GOLDFEDER, STANLEY KALMON SCHLEIN,
VENANCIO BENNY CATALA, DANIEL
SZALKIEWICZ, STEPHEN EDWARD KITZINGER,
DOUGLAS ARTHUR KELLNER, KIMBERLY
GALVIN, KATHLEEN O'KEEFE, BOARD OF
ELECTIONS IN THE CITY OF NEW YORK, NEW
YORK STATE BOARD OF ELECTIONS,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST THE ATTORNEY-DEFENDANTS AND DEFENDANT CATALA

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant Kitzinger*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Chlarens Orsland*
*Tel: (212) 356-2086*
*corsland@law.nyc.gov*
*Matter No. 2015-041707*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 2

STANDARD FOR MOTION TO DISMISS ..................................................................................... 4

       POINT I ................................................................................................................. 5

              THERE ARE NO VIABLE FEDERAL CLAIMS
AGAINST THE ATTORNEY DEFENDANTS AND
DEFENDANT CATALA, AND AS THEY ARE
NOT MEMBERS OF THE BOARD OF
ELECTIONS IN THE CITY OF NEW YORK,
THEY CANNOT EFFECT THE RELIEF
REQUESTED BY PLAINTIFF; THUS, THE
COMPLAINT MUST BE DISMISSED FOR
FAILURE TO STATE A CLAIM AGAINST THEM. ................................. 5

       POINT II .............................................................................................................. 10

              AS LOCAL GOVERNMENT DEFENSE COUNSEL
FOR THE BOARD OF ELECTION IN THE CITY
OF NEW YORK, DEFENDANT KITZINGER IS
ENTITLED TO ABSOLUTE IMMUNITY. ................................................ 10

CONCLUSION.......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

Albright v. Oliver,
   510 U.S. 266 (1994)................................................................................. 5

American Manufacturers Mutual Ins. Co. v. Sullivan,
   526 U.S. 40 (1999)................................................................................. 7

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)................................................................................. 4

Barrett v. United States,
   798 F.2d 565 (2d Cir. 1986)................................................................... 10

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007)................................................................................. 4

Board of Estimate v. Morris,
   489 U.S. 688 (1988)................................................................................. 6

Brentwood Academy v. Tenn. Secondary School Athletic Ass'n,
   531 U.S. 288 (2001)................................................................................. 7

Butz v. Economou,
   438 U.S. 478 (1978)............................................................................... 10

Imbler v. Pachtman,
   424 U.S. 490 (1976)............................................................................... 10

Pabon v. Wright,
   459 F.3d 241 (2d Cir. 2006)..................................................................... 4

Phelps v. Kapnolas,
   308 F.3d 180 (2d Cir. 2002)..................................................................... 4

Rendell-Baker v. Kohn,
   457 U.S. 830 (1982)................................................................................. 7

Rivera-Powell v. N.Y.C. Bd. of Elections,
   470 F.3d 458 (2d Cir. 2006)..................................................................... 9

Schulz v. Williams,
   44 F.3d 48 (2d Cir. 1994)......................................................................... 9

Sloan v. Board of Elections in the City of New York,
   131 A.D.3d 429 (1st Dep't 2015) ......................................................... 3

Sloan v. Caruso,
   13 CV 6104 ............................................................................................. 9

Sykes v. James,
    13 F.3d 515 (2d Cir. 1993).................................................................................5

Triestman v. Fed. Bureau of Prisons,
    470 F.3d 471 (2d Cir. 2006)...............................................................................4

**Statutes**

42 U.S.C. § 1983.................................................................................................1, 5

N.Y. Election Law § 16-102..................................................................................3, 9

N.Y. Election Law § 16-116..................................................................................3

**Rules**

Fed. R. Civ. P. 8(a)(2)...........................................................................................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SAMUEL H. SLOAN,

                                             Plaintiff,

                    - against -                                    15 CV 6963 (LGS)

MICHAEL MICHEL, JOSE MIGUEL ARAUJO,
RONALD CASTORINA JR., JOHN FLATEAU, MARIA
R. GUASTELLA, MICHAEL A. RENDINO, ALAN
SCHULKIN, SIMON SHAMOUN, GREGORY C.
SOUMAS, MICHAEL J. RYAN, BIANKA PEREZ,
STEVEN HOWARD RICHMAN, JERRY H.
GOLDFEDER, STANLEY KALMON SCHLEIN,
VENANCIO BENNY CATALA, DANIEL
SZALKIEWICZ, STEPHEN EDWARD KITZINGER,
DOUGLAS ARTHUR KELLNER, KIMBERLY GALVIN,
KATHLEEN O'KEEFE, BOARD OF ELECTIONS IN
THE CITY OF NEW YORK, NEW YORK STATE
BOARD OF ELECTIONS,

                                             Defendants.

------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST THE ATTORNEY-DEFENDANTS AND DEFENDANT CATALA

### Preliminary Statement

Plaintiff pro se, a frequent candidate for public office, challenges his removal from

the ballot as a Judicial Delegate in the September 10, 2015 Primary Election by the defendant

Board of Elections in the City of New York ("City Board").  He names 20 individuals and both the

City Board and New York State Board of Elections as defendants in this action, brought under 42

U.S.C. § 1983.  Plaintiff alleges that the defendants violated his constitutional rights by

purportedly refusing to place him on the ballot in this recent primary election, as well as in prior

elections in which he sought to participate.  Since this Court has previously declined to restore him to the ballot in a recent preliminary injunction context--similar to the State Supreme Court's earlier decision to not place him on the ballot in a proceeding under Article 16 of the New York Election Law--and as the subject election has now passed, Plaintiff's sole remaining cause of action seeks to have the City and State Boards of Election declared unconstitutional, as violating the 'one man-one vote' doctrine.

Of the 20 individual defendants, four are attorneys who represented clients in underlying proceedings before the City Board and/or related judicial proceedings (not just in the 2015 election context, but also in prior years): Stephen E. Kitzinger, Jerry H. Goldfeder, Stanley Kalmon Schlein, and Daniel Szalkiewicz. ("Attorney Defendants").  In addition, defendant Venancio Benny Catala (s/h/a "Venancio Benny Cataldo") ("Catala" or "Defendant Catala"), has participated in certain of these proceedings as an "objector" to certain candidates, as provided by the New York State Election Law.  However, these defendants are *not* members of the City Board-- and thus cannot seriously be alleged to have violated federal law as persons acting under color of state law--and can offer no relief to Plaintiff.  Accordingly, they collectively move to dismiss the complaint for failure to state a cause of action.  In addition, the one government attorney in the group, Stephen Kitzinger, is also entitled to absolute immunity, while Defendant Szalkiewicz is entitled to dismissal on the additional ground of res judicata, as his role in the 2013 election was previously unsuccessfully challenged by Plaintiff in this Court.

## STATEMENT OF FACTS

For the purpose of this motion, the non-conclusory facts alleged in the complaint are deemed to be true.  Plaintiff sought to be a Judicial Delegate and produced to the City Board a

certain number of signatures on a designating petition that he believed was sufficient to place him on the ballot for the September 10, 2015 Primary Election.  See Comp. ¶¶ 1, 10.[1]

After his removal from the ballot by the City Board on or about July 23, 2015, Plaintiff commenced a Petition to Validate his designating petition in state Supreme Court under N.Y. Election Law §§ 16-102 and 16-116.  He alleged that various improper acts occurred at the City Board proceedings, and that objections asserted by Defendant Catala, through his counsel, Defendant Schlein, were improper (Comp. ¶¶ 24-27).  Plaintiff did not prevail in Supreme Court, or subsequently in the Appellate Division.  See Sloan v. Board of Elections in the City of New York, 131 A.D.3d 429 (1st Dep't 2015).  His motion for leave to appeal to the New York State Court of Appeals was denied as well (August 25, 2015).

The balance of the allegations in this case concern similar purported improprieties, albeit in other election contexts in which Plaintiff sought to participate.  See Comp. passim.  Specifically, in Plaintiff's 2014 campaign, Defendant Goldfeder is alleged to have agreed to accept service of Plaintiff's objections to Goldfeder's client's designating petition in a City Board proceeding (an assertion which would not state any conceivable claim, if true) (Comp. ¶¶ 38-48), while the 2013 Mayoral campaign allegedly involved a forged signature of an objector by Defendant Szalkiewicz (Comp. ¶ 46).[2]

In conjunction with the filing of this action, Plaintiff sought preliminary injunctive relief restoring him to the ballot for the September 10, 2015 Primary Election.  By Order dated September 9, 2015, this Court denied the application, finding that Plaintiff could not show a clear

---

[1] Plaintiff claims to also be acting on behalf of 10 other candidates for Judicial Delegates and one candidate for Civil Court Judge.  See Comp. ¶ 10.  Obviously, Plaintiff lacks standing to proceed on their behalf, and is not an attorney permitted to represent others in a judicial proceeding.

[2] This latter claim against Mr. Szalkiewicz was previously dismissed by this Court, Sloan v. Caruso, 13 CV 6104 (AJN) (Dkt. No. 28).

or substantial likelihood of success on the merits.  See Dkt. No. 5.  Plaintiff did not appeal the order.

## STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002) (internal quotations omitted).  However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678 (citation omitted), with enough facts to "nudg[e] [his] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.  Finally, a court may not take as true conclusions of laws or unwarranted deductions of fact.  Iqbal, 556 U.S. at 681.

Submissions of pro se litigants "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (original emphasis) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)).  This more liberal pleading standard, however, does not relieve the pro se plaintiff of the obligation to satisfy the pleading requirements of the Federal Rules.  Therefore, if Plaintiff fails to allege any facts from which this Court could reasonably interpret a plausible claim, his complaint must be dismissed.  See Iqbal, 556 U.S. at 678; see also Fed. R. Civ. P. 8(a)(2).

**POINT I**

**THERE ARE NO VIABLE FEDERAL CLAIMS AGAINST THE ATTORNEY DEFENDANTS AND DEFENDANT CATALA, AND AS THEY ARE NOT MEMBERS OF THE BOARD OF ELECTIONS IN THE CITY OF NEW YORK, THEY CANNOT EFFECT THE RELIEF REQUESTED BY PLAINTIFF; THUS, THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM AGAINST THEM.**

With the passing of the Primary Election, the only asserted claim for relief is Plaintiff's demand to "disband" the City and State Boards of Elections as unconstitutional entities, under the 'one man-one vote' doctrine. See Comp., p. 42. However, the Attorney Defendants and Defendant Catala are not Board members, and thus have no role in the internal operations of the two entities, nor are they government officials charged with enforcing the Election Law; the remaining defendants named in the caption include current Board members who are in a more appropriate position to address Plaintiff's allegations in this regard. Therefore, as discussed below, the complaint must be dismissed as against the Attorney Defendants and Defendant Catala for failure to state a federal cause of action.

In challenging state election proceedings, Plaintiff must proceed under Section 1983 of Title 42 of the United States Code, which provides a civil remedy for those claimants who are aggrieved by a person who, acting under the color of state law, deprives the claimant of rights secured by the Constitution or laws of the United States. See, 42 U.S.C. § 1983; Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes, 13 F.3d at 519. Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 271 (1994).

5

Here, Plaintiff seeks to disband the two Boards of Election under the "one man-one vote" doctrine of Board of Estimate v. Morris, 489 U.S. 688 (1988) (see Comp. ¶¶ 82-84). However, none of the Attorney Defendants nor Defendant Catala are Board members, and they are irrelevant to this claim. Rather, these individuals conduct business before the City Board in their role as election lawyers or citizen-participants in the election process, or, in the case of Defendant Kitzinger, represent the City Board in litigated matters. As discussed below, they are not state actors under Section 1983, and thus are incapable of depriving Plaintiff of his constitutional or other federal right under color of law.

Specifically, as set forth in the complaint, Messrs. Goldfeder, Schlein and Szalkiewicz are private attorneys whose legal practice allegedly consists of supporting so-called insider-approved candidates and ensuring that they face no serious challenge from competing candidates. See Comp. ¶ 5. Defendant Kitzinger is an Assistant Corporation Counsel who frequently represents the City Board in judicial proceedings (id. at ¶ 7). Defendant Catala is a former Bronx Democratic Party district leader, who has formally objected to certain candidates in City Board proceedings as permitted by the Election Law (id. at ¶ 6). Moreover, at a recent state judicial proceeding brought by Plaintiff, Defendant Kitzinger also allegedly made misrepresentations to that court (id. at ¶ 37), and also in the Appellate Division (id. at ¶ 63).

Plaintiff's allegations against the other individual defendants arise in the context of prior proceedings. Thus, in a City Board proceeding in 2014, Plaintiff alleges that Defendant Goldfeder did not accept service of Plaintiff's objections to remove Goldfeder's client from the ballot (id. at ¶¶ 38-46). In an even earlier proceeding in 2013, defendant Szalkiewicz allegedly improperly tried to remove Plaintiff from the ballot in a mayoral primary on behalf of an objector, whose signature Plaintiff alleges was forged by counsel (id. at ¶ 46).

While it is understood by the movants that Plaintiff believes that election proceedings in this state are essentially rigged (see Comp. passim), and that the subject individuals routinely seek to deny non-party-favored candidates access to the ballot, Plaintiff's sole non-moot federal claim concerns the validity of the two governmental entities named in the caption. The private lawyers appear before the City Board as representatives of objectors (such as Mr. Catala) and other parties, and defendant Kitzinger represents the City Board as a government lawyer. These five individuals are simply not germane to the subject cause of action, which alleges that the City and State Board of Elections are undemocratic and unrepresentative, thus purportedly violating the 'one man – one vote' doctrine.

A plaintiff alleging a violation of Section 1983 is required to show state action. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). In order to satisfy the requirement where the defendant is a private actor, the allegedly unconstitutional action must be "fairly attributable" to the state. American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 51 (1999). Private conduct can only be attributable to the state if there is such a close nexus between the state and the challenged action that it may fairly be treated as that of the state itself. Brentwood Academy v. Tenn. Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal quotation marks and citation omitted).

State action is found in the following circumstances, none of which are present here: (1) the state exercises "coercive power" over, is "entwined in [the] management or control" of, or provides significant encouragement, either overt or covert" to, a private actor; (2) or where the private actor "operates as a willful participant in joint activity with the State or its agents," is "controlled by an agency of the State," has been delegated a "public function" by the state, or is "entwined with governmental policies." Brentwood Academy, 531 U.S. at 296.

In this case, Plaintiff does not seriously dispute that the named private lawyers appear before the City Board on behalf of their clients (one of whom is defendant Catala), whose interests are naturally adverse to those of rival candidates, such as Mr. Sloan.  The Election Law allows various parties to challenge candidates for failing to comply with procedural requirements, and provides prompt judicial relief for aggrieved candidates.  While we acknowledge that Plaintiff believes this system is unfair, it has not been so held by a state or federal court, and so there is no basis to assert that these lawyers are agents of the state acting in an unlawful activity.  While defendant Kitzinger is in fact a government lawyer, he represents the City Board in subsequent litigation challenging its actions, and there are no plausible facts to suggest that he acts improperly as an agent of the City Board to deny Plaintiff a fair opportunity to make his case before the City Board.  Clearly, these individual defendants are not imbued with the power of the state and cannot be deemed to act under color of state law.

With his broad allegations of impropriety occurring before the City Board -- both by Board members and private citizens appearing before it – Plaintiff also purports to state a claim under various constitutional amendments, such as the First and Fourteenth Amendments.  However, these claims could only relate to Plaintiff's first claim for relief seeking to be placed on the ballot as a Judicial Delegate.  See Comp. p. 42.  However, by denying Plaintiff's request for a preliminary injunction (Dkt. No. 5), this Court has rendered this claim moot, as the Primary Election has passed, the delegates have met and acted, and Plaintiff did not seek immediate appellate review.

But in any event, even if this claim were viable, again the Attorney Defendants and the former objector, Defendant Catala, have no substantive role to play in the prosecution of this claim, as they are not involved in the internal operations of the City Board.  They simply appear

before the City Board on behalf of clients (including Mr. Catala), against the backdrop of the State Election Law procedures and in its designated forums; thus, they cannot be held accountable under this claim, even if it were not moot.

Moreover, the substantive constitutional claims would not be viable under the Rivera-Powell doctrine, in which the Second Circuit has held that the procedures set forth in the Election Law, and as implemented by the City Board, meet Constitutional due process requirements, and there is no First Amendment claim in the absence of a facial challenge to a provision of the Election Law. See Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d 458 (2d Cir. 2006).

### Res Judicata Also Bars Action Against Defendant Szalkiewicz

Finally, Defendant Szalkiewicz was previously sued unsuccessfully by Mr. Sloan for his role in the 2013 election proceedings, on behalf of the objector Caruso, the same claim alleged here.  District Judge Nathan dismissed the claim, including the same allegation of "forgery" of the objector's signature, on various grounds, including res judicata, based on a prior state court challenge.  See Sloan v. Caruso, 13 CV 6104 (Dkt. No. 28), citing Schulz v. Williams, 44 F.3d 48, 53-55 (2d Cir. 1994) (principles of res judicata bar a plaintiff from raising in federal court claims, including constitutional claims, that he brought or could have brought in a prior Election Law § 16-102 proceeding) (additional citations omitted).  The same preclusion principle applies here, and Defendant Szalkiewicz is entitled to dismissal on this additional ground.

**AS LOCAL GOVERNMENT DEFENSE COUNSEL FOR THE BOARD OF ELECTION IN THE CITY OF NEW YORK, DEFENDANT KITZINGER IS ENTITLED TO ABSOLUTE IMMUNITY.**

In <u>Barrett v. United States</u>, 798 F.2d 565, 572 (2d Cir. 1986), the Second Circuit held that the absolute immunity accorded government prosecutors (<u>Imbler v. Pachtman</u>, 424 U.S. 490 (1976)) and government officials initiating administrative proceedings (<u>Butz v. Economou</u>, 438 U.S. 478, 512-17 (1978)), also extends to government litigators, whether initiating a civil proceeding in state or federal court or defending such a suit.  In reaching this conclusion, the Court noted that:

> … Since [the government defense lawyer] is charged with a public trust he should not be inhibited in the faithful performance of his duties by the threat of harassing lawsuits against him.  His functions as a government advocate therefore entitles him to absolute immunity, which is "necessary to assure that … *advocates* … can perform their respective functions without harassment or intimidation." <u>Butz v. Economou</u>, <u>supra</u>, 438 U.S. at 512, 98 S.Ct. at 2913 (emphasis supplied).

<u>Id.</u> at 572.

In the instant case, defendant Kitzinger, an Assistant Corporation Counsel, regularly represents the City Board in judicial proceedings challenging Board determinations.  Thus, he is entitled to absolute immunity and the case must be dismissed against him on this additional ground.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed against the Attorney Defendants and Defendant Catala.

Dated:        New York, New York
              November 12, 2015

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
**Attorney for Defendant Kitzinger**
100 Church Street, Room 2-174
New York, New York 10007
Phone: (212) 356-2086
corsland@law.nyc.gov

By:     s/
        _____
        CHLARENS ORSLAND
        Assistant Corporation Counsel

JERRY M. GOLDFEDER, ESQ.
**Defendant Pro Se**
STROOCK & STROOCK & LAVIN, LLP
180 Maiden Lane
New York, New York  10035
Tel:  212-806-5400

By:     s/
        _____
        JERRY M. GOLDFEDER, ESQ.

STANLEY KALMON SCHLEIN, ESQ.
**Defendant Pro Se**
481 King Avenue
Bronx, New York  10464-1228
(718) 885-3321

By:     s/
        _____
        STANLEY KALMON SCHLEIN, ESQ.

11

DANIEL SZALKIEWICZ, ESQ.
**Defendant <u>Pro</u> <u>Se</u>**
7 Dey Street, #900B
New York N.Y.  10007
(212) 706-1007

By:        s/
           DANIEL SZALKIEWICZ, ESQ.


MARISSA SOTO, ESQ.
**Attorney for Defendant Catala**
1937 Williamsbridge Road
Bronx, N.Y. 10461
(646) 812-6347


By:        s/
           MARISSA SOTO, ESQ.

TO:    SAM SLOAN
      **Plaintiff <u>Pro</u> <u>Se</u>**
      1664 Davidson Ave 1B
      Bronx, New York  10453
      917-507-7226
      917-659-3397
      <u>samhsloan@gmail.com</u>

      HON. ERIC T. SCHNEIDERMAN
      Attorney General of the State of New York
      **Attorney for NY State Defendants**
      JANE GOLDBERG, of Counsel
      120 Broadway
      New York, NY  10271
      (212) 416-8610


      ZACHARY W. CARTER
      Corporation Counsel of the City
        of New York
      **Attorney for NYC Board of Election Defendants**
      STEPHEN E. KITZINGER, ESQ.
      100 Church Street, Rm. 2-126
      New York, N.Y. 10007
      <u>skitzing@law.nyc.gov</u>
      (212) 356-2087