UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SAMUEL H. SLOAN,

                Plaintiff,

- against -                                                                                    15-CV-6963 (LGS)

MICHAEL MICHEL, JOSE MIGUEL ARAUJO,
RONALD CASTORINA JR., JOHN FLATEAU,
MARIA R. GUASTELLA, MICHAEL A. RENDINO,
ALAN SCHULKIN, SIMON SHAMOUN,
GREGORY C. SOUMAS, MICHAEL J. RYAN,
BIANKA PEREZ, STEVEN HOWARD RICHMAN,
HERRY H. GOLDFEDER, STANLEY KALMON
SCHLEIN, VENANCIO BENNY CATALA,
DANIEL SZALKIEWICZ, STEPHEN EDWARD
KITZINGER, DOUGLAS ARTHUR KELLNER,
KIMBERLY GALVIN, KATHLEEN O'KEEFE,
BOARD OF ELECTIONS IN THE CITY OF
NEW YORK, NEW YORK STATE BOARD OF
ELECTIONS,

                Defendants.
-------------------------------------------------------------X

**STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULES 12(b)(1) AND (6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

                                                      ERIC T. SCHNEIDERMAN
                                                      Attorney General of the
                                                      State of New York
                                                      *Attorney for the Defendants*
                                                      120 Broadway
                                                      New York, New York 10271
                                                      (212) 416-6133

JANE R. GOLDBERG
Assistant Attorney General
*Of Counsel*

## Table of Contents

|  | Page |

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 1

   The Complaint .................................................................................................................. 1

   Plaintiff's Prior Litigation Concerning the 2014 Election ................................................ 3

STANDARD OF REVIEW .................................................................................................... 4

ARGUMENT ........................................................................................................................... 5

I.    PLAINTIFF'S CLAIMS AGAINST THE STATE DEFENDANTS ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE AND ISSUE PRECLUSION .......................................................................................................... 5

II    THE ELEVENTH AMENDMENT BARS PLAINTIFF'S CLAIMS AGAINST THE STATE DEFENDANTS. ............................................................ 7

III   DEFENDANTS GALVIN AND O'KEEFE ARE ENTITLED TO IMMUNITY ................................................................................................................ 9

IV   PLAINTIFF FAILS TO STATE A CLAIM THAT HIS CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED ................................................................... 10

V    THE STATE BOARD IS PROPERLY CONSTITUTED .................................. 11

CONCLUSION ..................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**             Page(s)

*Alabama v. Pugh,*
  438 U.S. 781 (1978) ................................................................................................... 7

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................. 4, 10

*Augustin v. Capital One,*
  No. 14 Civ. 179 (CBA) (VMS), 2015 U.S. Dist. LEXIS 129550 (E.D.N.Y. July 27, 2015) ............................................................................................................. 4

*Barrett v. United States,*
  798 F.2d 565 (2d Cir. 1986) ....................................................................................... 9

*Bd. of Trustees of the Univ. of Ala. v. Garrett,*
  531 U.S. 356 (2001) ................................................................................................... 7

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................. 4, 10

*Black v. Coughlin,*
  76 F.3d 72 (2d Cir. 1996) ......................................................................................... 10

*Board of Estimates v. Morris,*
  489 U.S. 688 (1988) ................................................................................................. 12

*Chan v. Pataki,*
  201 F.3d 430 (2d Cir. 1999) ..................................................................................... 12

*Cohanim v. N.Y. City Bd. of Educ.,*
  204 F. Supp. 2d 452 (E.D.N.Y. 2000) ..................................................................... 13

*Cornejo v. Bell,*
  592 F.3d 121 (2d Cir. 2010) ....................................................................................... 9

*Dekom, v. New York,*
  No. 12-CV-1318, 2013 U.S. Dist. LEXIS 85360 (E.D.N.Y. June 18, 2013) ............ 8

*District of Columbia Court of Appeals v. Feldman,*
  460 U.S. 462 (1983) ................................................................................................... 5

*Edelman v. Jordan,*
  415 U.S. 651 (1974) ................................................................................................... 7

*Ex parte Young*,
    209 U.S. 123 (1908) ..................................................................................................8

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280 (2005) ..................................................................................................6

*Fischer v. Suffolk County Bd. of Elections*,
    No. 08-CV-4171 (JS)(ARL), 2009 U.S. Dist. LEXIS 72560 (E.D.N.Y. Aug.
    14, 2009)....................................................................................................................7

*Green Party v. Weiner*,
    216 F. Supp. 2d 176 (S.D.N.Y. 2002) .....................................................................12

*Green v. Mattingly*,
    585 F.3d 97 (2d Cir. 2009) ........................................................................................6

*Hadley v. Junior College Dist.*,
    397 U.S. 50 (1970) ............................................................................................11, 13

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009) ........................................................................................4

*Hoblock v. Albany County Bd. of Elections*,
    422 F.3d 77 (2d Cir. 2005) ....................................................................................6, 7

*Hogan v Fischer*,
    738 F.3d 509 (2d Cir. 2013) ......................................................................................4

*Idaho v. Coeur d'Alene Tribe of Idaho*,
    521 U.S. 261 (1997) ..................................................................................................7

*In the Matter of Sam Sloan v. Kellner*,
    120 A.D.3d 895 (3d Dep't 2014)..............................................................3, 5, 10, 12

*Iwachiw v. N.Y.C. Bd. of Elections*,
    217 F. Supp. 2d 374 (E.D.N.Y. 2002), *aff'd*, 126 F. App'x 27 (2d Cir. Mar.
    17, 2005)....................................................................................................................8

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ......................................................................................4

*Mamot v. Bd. of Regents*,
    367 F. App'x 191 (2d Cir. 2010)...............................................................................7

*Matheson v. New York City Bd. of Elec.*,
    No. 03-cv-04170-ERK-KAM (Dec. 18, 2007)........................................................12

*Matter of Hunting v. Power*,
   54 Misc. 2d 120 (1967), *aff'd* 28 A.D.2d 826, *aff'd* 20 N.Y.2d 680 (1967) .............................. 3

*McMillan v. N.Y.S. Bd. of Elections*,
   No. 10-CV-2502, 2010 U.S. Dist. LEXIS 109894 (E.D.N.Y Oct. 15, 2010),
   *aff'd*, 449 F. App'x 79 (2d Cir. Dec. 7, 2011) ............................................................... 8

*Migra v. Warren City Sch. Dist.*,
   465 U.S. 75 (1984) ............................................................................................................. 7

*Morse v. Fusto*,
   No. 13-4074, 2015 U.S. App. LEXIS 16154 (2d Cir. Sept. 11, 2015) .......................... 9-10

*Pearson v. Callahan*,
   555 U. S. 223 (2009) ..................................................................................................... 9, 10

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984) ............................................................................................................. 7

*Raspardo v. Carlone*,
   770 F.3d 97 (2d Cir. 2014) ............................................................................................... 10

*Regents of the Univ. of Calif. v. Doe*,
   519 U.S. 425 (1997) ........................................................................................................... 7

*Rooker v. Fid. Trust Co.*
   263 U.S. 413 (1923) ........................................................................................................... 5

*Rosenthal v. Bd. of Educ. of Cent. High School. Dist. No. 3 of the Town of Hempstead*,
   385 F. Supp. 223 (E.D.N.Y. 1974), *aff'd* 420 U.S. 985 (1975) .................................. 12-13

*Ruotolo v. Fannie Mae*,
   933 F. Supp. 2d 512 (S.D.N.Y. 2013) ............................................................................... 4

*Sailors v. Board of Education of the County of Kent*,
   387 U.S. 105 (1967) ................................................................................................... 11, 12

*SEC v. Samuel H. Sloan*,
   436 U.S. 103 (1978) ........................................................................................................... 5

*Sloan v. Edes*,
   76 A.D.3d 485 (1st Dep't 2010), *lv. denied* 15 N.Y.3d 704 (2010) .................................. 5

*Sloan v. Graham*,
   10 A.D.3d 433 (2d Dep't 2004), *lv. denied* 3 N.Y.3d 603 (2004) .................................... 5

*Sloan v. Knapp*,
   10 A.D.3d 434 (2d Dep't 2004) .................................................................................... 5

*Sloan v. New York State Bd. of Elections*,
   1:14-cv-01071-MAD-CFH, ECF No. 10, at 5-7 ............................................ 3, 6, 7, 10

*Timmons v. Twin City Area New Party*,
   520 U.S. 351 (1997) ................................................................................................... 12

*Tiraco v. New York State Bd. of Elections*,
   963 F. Supp. 2d 184 (E.D.N.Y. 2013) ......................................................................... 7

*Tracy v. Freshwater*,
   623 F.3d 90 (2d Cir. 2010) .......................................................................................... 5

*Wang v. Logue*,
   351 F. App'x 510 (2d Cir. 2009) .................................................................................. 9

*Warden v. Pataki*,
   35 F. Supp. 2d 354 (S.D.N.Y. 1999), *aff'd sub nom. Chan v. Pataki*, 201 F.3d
   430 (2d Cir. 1999) ...................................................................................................... 12

*Williams v. Savory*,
   87 F. Supp. 3d 437, 455 (S.D.N.Y. 2015) .................................................................... 9

*Wolff v. City of N.Y. Fin. Servs. Agency*,
   939 F. Supp. 258 (S.D.N.Y. 1996) .............................................................................. 7

**United States Constitution**

Eleventh Amendment ........................................................................................................ 1, 7-8

N.Y. Const.
   art. II, § 8 ............................................................................................................... 8, 12

New York State Constitution ............................................................................................. 2, 11

U.S. Constitution ...................................................................................................................... 7

**Federal Statutes**

42 U.S.C.
   § 1983 ..................................................................................................................... 3, 10

Americans with Disabilities Act ............................................................................................. 7

**Federal Rules and Regulations**

Rules 12(b)(1) ..................................................................................................................... 1, 4

Rule 12(b)(6) ..................................................................................................................................4

**New York State Statutes**

Election Law
 § 6-154[1] ....................................................................................................................................3

N.Y. Elec. Law
 § 1-104(24) ................................................................................................................................12

N.Y. Election Law
 § 3-100 ..................................................................................................................................8, 12

## PRELIMINARY STATEMENT

Defendants, DOUGLAS ARTHUR KELLNER, KIMBERLY GALVIN, KATHLEEN O'KEEFE, and the NEW YORK STATE BOARD OF ELECTIONS (the "State Board") (collectively, the "State Defendants") respectfully submit this Memorandum of Law in Support of their Motion To Dismiss the Complaint pursuant to Rules 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted, and absolute and qualified immunity.

As demonstrated below, the Complaint requires dismissal of the State Defendants. First, plaintiff's claims against the State Defendants are barred by the Rooker-Feldman doctrine and by the doctrine of issue preclusion. Second, plaintiff's claims against the State Board and Commissioner Kellner should be dismissed because the Eleventh Amendment bars the claims against them. Third, defendants Galvin and O'Keefe are entitled to absolute immunity in their roles as co-counsel to the State Board, and, all the individual State defendants are entitled to qualified immunity. Finally, plaintiff fails to allege any facts that would constitute a plausible claim to relief under any viable legal theory. Accordingly, the State Defendants' motion should be granted, and the Complaint should be dismissed with prejudice in its entirety.

## STATEMENT OF FACTS

**The Complaint**

Plaintiff alleges that in 2014 he was a candidate for Congress and for Governor of the State of New York in the Democratic Primary, and that in 2015 he was on a list of candidates for judicial delegate for the September 2015 primary in New York City. Compl. ¶ 2. He alleges that defendants violated his constitutional rights to due process

1

and equal protection by refusing to place him on the ballot in the 2014 Democratic Primary, as well as in the 2015 Primary. Compl. ¶¶ 1, 10. He sought preliminary injunctive relief to restore him to the ballot for the 2015 Primary election, which was denied by the Court in an Order dated September 9, 2015 (ECF. No. 5)—an Order that plaintiff did not appeal.

Plaintiff claims that the State Defendants illegally removed him from the ballot in the 2014 Statewide election for Governor of the State of New York, and that the composition of the State Board violates the "one man, one vote" doctrine. Compl. ¶¶ 58, 62, 84, 86. Among the twenty individuals sued are Kimberly Galvin and Kathleen O'Keefe[1], co-counsel to the State Board, described in the Complaint as "Republican Party representative" and "Democratic Party representative" on the State Board. Compl. ¶ 9. Plaintiff's sole allegation against Ms. Galvin is that she "moved that all the Sloan candidates be removed from the [2014] ballot." Compl. ¶¶ 24, 58. He makes no specific allegation concerning Ms. O'Keefe.

Plaintiff also sues Douglas Kellner, one of four Commissioners on the State Board, who plaintiff alleges is "Chairman" of the State Board. Compl. ¶ 8. The sole allegation against Commissioner Kellner is that plaintiff's name was "not on the list of candidates read by Commissioner Kellner at [a] meeting on August 1, 2014 who were thrown off [the ballot] because of objections." Compl. ¶ 24.

Plaintiff sues the State Board and the New York City Board of Elections ("City Board"), claiming that both are unconstitutional under the "one man-one vote" doctrine. Compl. ¶¶ 84, 86, 88, 92-93. According to plaintiff, the New York Constitution, which

---

[1] Counsel O'Keefe has since left her position as co-counsel to the State Board.

2

requires representation on the State Board by the two major parties, ". . . was written many years ago and does not reflect voting reality nowadays." Compl. ¶ 92(d).

**Plaintiff's Prior Litigation Concerning the 2014 Election**

Plaintiff describes at length his prior state court litigation concerning the 2014 election. Compl. ¶¶ 53-61. Plaintiff acknowledges that the New York Supreme Court, Appellate Division, Third Department decided against him on the merits of his claim that the composition of the State Board is unconstitutional, and that he unsuccessfully sought leave to the New York Court of Appeals. Compl. ¶¶ 60-61. In affirming the Supreme Court's dismissal of plaintiff's complaint, the Third Department held, in relevant part, that "[t]he State Board was . . . properly constituted, and was free to hold that the designating petition, which lacked the necessary number of signatures to support any of petitioners' candidacies, was facially defective and invalid in its entirety." *In the Matter of Sam Sloan v. Kellner,* 120 A.D.3d 895, 896 (3d Dep't 2014) (citing Election Law § 6-154[1], and *Matter of Hunting v. Power*, 54 Misc. 2d 120, 122 (1967), *aff'd* 28 A.D.2d 826, *aff'd* 20 N.Y.2d 680 (1967)).

Following the dismissal of his state court action, on August 29, 2014, plaintiff filed an action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of New York seeking injunctive relief in connection with the September 2014 Democratic Primary. The Court denied injunctive relief and specifically held that the Court lacked jurisdiction under the *Rooker-Feldman* doctrine, and that the action would also be precluded by issue preclusion. *See Sloan v. New York State Bd. of Elections,* 1:14-cv-01071-MAD-CFH, ECF No. 10, at 5-7, a copy of which is annexed to the Declaration of Jane R. Goldberg dated December 11, 2015 as Ex. B. Plaintiff filed an

3

interlocutory appeal, ECF No. 11, which was eventually dismissed as moot. *See* Docket Sheet, ECF. No. 17, annexed to Goldberg Decl. as Ex. C.

## STANDARD OF REVIEW

Dismissal of a case for lack of subject-matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard is guided by "[t]wo working principles." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677). First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 677.) "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Although *pro se* litigants are usually treated with special solicitude because they lack legal training and experience, *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), they must still abide by the Federal Rules of Civil Procedure. *Augustin v. Capital One*, No. 14 Civ. 179 (CBA) (VMS), 2015 U.S. Dist. LEXIS 129550, at * 8 (E.D.N.Y. July 27, 2015). "Thus, a *pro se* plaintiff's [b]ald assertions and conclusions of law are not adequate to withstand a motion to dismiss." *Id.* (citing *Ruotolo v. Fannie Mae*, 933 F.

Supp. 2d 512, 524-25 (S.D.N.Y. 2013)). This solicitude may be withdrawn or reduced at the court's discretion when a *pro se* plaintiff is an experienced litigator. *Tracy v. Freshwater*, 623 F.3d 90, 101-03 (2d Cir. 2010). Such is the case here, as plaintiff alleges that he "is best known for winning a case in the United States Supreme Court . . . ," (Compl. ¶¶ 3, 81, citing *SEC v. Samuel H. Sloan*, 436 U.S. 103 (1978)), and has filed other proceedings involving the Election Law.[2]

## ARGUMENT

### I. PLAINTIFF'S CLAIMS AGAINST THE STATE DEFENDANTS ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE AND ISSUE PRECLUSION.

This lawsuit is barred by the *Rooker-Feldman* doctrine[3] because plaintiff makes the same claims here as he made in the New York State courts concerning the 2014 Democratic Primary and the composition of the State Board. Plaintiff continues to dispute the composition of the State Board (and City Board), claiming that the Boards' representation violates the "one man, one vote" doctrine, a claim that he acknowledges he lost in state court. Compl. ¶¶ 10, 53, 60, citing *Sloan v. Kellner*, 120 A.D.3d 895.

It is evident from the Complaint that plaintiff invites this Court to overturn the August 2014 decision by the Third Department, which, he alleges, was the basis for the City Board's decision concerning his nominating petition for judicial delegate in the September 2015 primary. Compl. ¶¶ 53, 60, 76. The Third Department decision, which

---

[2] *See, e.g., Sloan v. Edes*, 76 A.D.3d 485 (1st Dep't 2010), *lv. denied* 15 N.Y.3d 704 (2010); *Sloan v. Graham*, 10 A.D.3d 433 (2d Dep't 2004), *lv. denied* 3 N.Y.3d 603 (2004) (proceeding to validate a designating petition); *Sloan v. Knapp*, 10 A.D.3d 434 (2d Dep't 2004) (same).

[3] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

concerned deficiencies in plaintiff's designating petition during the 2014 primary election for Governor, specifically rejected plaintiff's argument that the composition of the State Board does not give equal weight to each voter as required by the Equal Protection Clause: "[T]he underlying principle of one vote per person does not apply to an appointive board, especially where it is charged with administrative duties . . . ." *Id.* at 896. The Third Department then held that the State Board was properly constituted and "was free to hold that the designating petition, which lacked the necessary number of signatures to support any of petitioners' candidacies, was facially defective and invalid in its entirety . . . ." *Id.*

Thus, the four requirements for the application of the *Rooker-Feldman* doctrine have been met:

> First, the federal court plaintiff must have lost in state court; Second, the plaintiff's injuries must be caused by the state court judgment; Third, the plaintiff's claims must invite the district court to review and reject that state court judgment; and Fourth, the state-court judgment must have been rendered prior to the commencement of the district court proceedings.

*Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009); *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). Accordingly, plaintiff's attempt to revisit this issue should be rejected and the Complaint should be dismissed. As the District Court held in the prior federal proceeding on the same facts and claims, the federal courts lack subject matter jurisdiction to review the state court judgment that was decided before this lawsuit was brought. *See Sloan v. New York State Bd. of Elections*, 14-cv-01071 (ECF No. 10), Goldberg Decl., Ex. B.

It is equally well settled that "[f]ederal courts must give the same preclusive effect

to a New York court's judgment that [state] courts would give it." *Fischer v. Suffolk County Bd. of Elections*, No. 08-CV-4171 (JS)(ARL), 2009 U.S. Dist. LEXIS 72560 (E.D.N.Y. Aug. 14, 2009) (quoting *Wolff v. City of N.Y. Fin. Servs. Agency*, 939 F. Supp. 258, 264-65 (S.D.N.Y. 1996), citing *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 83 (1984)). That is certainly the case here. As Judge D'Agostino held in the Northern District action, plaintiff's claims are barred by the doctrine of issue preclusion, as all the issues he raises were clearly decided in the state court proceeding after a full and fair opportunity to litigate the issues he raises in federal court for the second time. *See Sloan, v. New York State Bd. of Elections*, annexed to Goldberg Decl., Ex. B at 7-8. *See also Hoblock*, 422 F.3d at 94.

## II. THE ELEVENTH AMENDMENT BARS PLAINTIFF'S CLAIMS AGAINST THE STATE DEFENDANTS.

The Eleventh Amendment bars lawsuits against non-consenting states and state entities based on alleged violations of the U.S. Constitution. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Eleventh Amendment equally bars lawsuits invoking federal-question jurisdiction and alleging other federal-law violations. *Bd. of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 360 (2001) (Americans with Disabilities Act); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 268 (1997); *Edelman v. Jordan,* 415 U.S. 651, 678 (1974). And the bar applies equally to lawsuits in federal court alleging violation of state law. *Regents of the Univ. of Calif. v. Doe,* 519 U.S. 425, 431 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 123 (1984).

New York State has not consented to lawsuits involving candidates for public office. *Tiraco v. New York State Bd. of Elections,* 963 F. Supp. 2d 184, 192 (E.D.N.Y. 2013) (citing *Mamot v. Bd. of Regents,* 367 F. App'x 191, 192 (2d Cir. 2010) (summary

7

order); *Dekom, v. New York,* No. 12-CV-1318, 2013 U.S. Dist. LEXIS 85360, at * 34 (E.D.N.Y. June 18, 2013) (dismissing claims against the State Board and its Commissioners sued in their official capacity); *Iwachiw v. N.Y.C. Bd. of Elections,* 217 F. Supp. 2d 374, 379-80 (E.D.N.Y. 2002), *aff'd,* 126 F. App'x 27 (2d Cir. Mar. 17, 2005) (summary order). The State Board is an agency of the State. N.Y. Election Law § 3-100. Thus, the Eleventh Amendment bars all claims against the State Board. *See also McMillan v. N.Y.S. Bd. of Elections,* No. 10-CV-2502, 2010 U.S. Dist. LEXIS 109894, at *10 (E.D.N.Y Oct. 15, 2010) (dismissing action against State Board of Elections pursuant to Eleventh Amendment), *aff'd,* 449 F. App'x 79 (2d Cir. Dec. 7, 2011) (summary order). Further, Commissioner Kellner, sued here in his official capacity, Compl. ¶ 8, should also be dismissed under the Eleventh Amendment, among other reasons, because he cannot redress plaintiff's grievance as to the composition of the State Board. As plaintiff concedes, Compl. ¶ 92(d), representation on the State Board is dictated by the New York Constitution, which provides that the legislature directs how the State Board commissioners are appointed or elected. N.Y. Const. art. II, § 8. In New York, the State Board Commissioners are appointed by the Governor, pursuant to N.Y. Election Law § 3-100. Accordingly, since Commissioner Kellner cannot change the composition of the State Board, the claim against him in his official capacity is barred by the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123, 157 (1908) (holding that a state official may be joined as a defendant to a suit to restrain the enforcement of an allegedly unconstitutional statute if that official "by virtue of his office has some connection with the enforcement of the act.").[4]

---

[4] For the reasons set forth in Point III, Commissioner Kellner is also entitled to qualified

8

### III. DEFENDANTS GALVIN AND O'KEEFE ARE ENTITLED TO IMMUNITY.

Absolute immunity from suit for government attorneys who initiate and conduct administrative proceedings and civil litigation is well established. *Cornejo v. Bell*, 592 F.3d 121, 127-28 (2d Cir. 2010); *Williams v. Savory*, 87 F. Supp. 3d 437, 455 (S.D.N.Y. 2015) (citing *Barrett v. United States*, 798 F.2d 565, 571-72 (2d Cir. 1986)). Defendants Galvin and O'Keefe are thus entitled to absolute immunity from any liability because they act in their official capacity as counsel to the Board. Here, plaintiff has made only one allegation against any of the individual State Defendants – that Galvin "moved that all the Sloan candidates be removed from the ballot" during a meeting of the State Board. Compl. ¶ 58. Nonetheless, he seeks to hold both Galvin and O'Keefe liable because they represent the State Board. Under these circumstances, defendants Galvin and O'Keefe should be entitled to absolute immunity as they have been targeted here <u>because</u> they enforce the election law during meetings of the State Board and defend it in court. *See Wang v. Logue*, 351 F. App'x 510 (2d Cir. 2009) (affirming dismissal of complaint against an Assistant Attorney General based on statements she made in court during the course of her representation).

But even if defendants Galvin and O'Keefe are not entitled to absolute immunity, they would be entitled to qualified immunity. In determining a qualified immunity claim, the court must decide whether plaintiff has alleged facts that make out a violation of a constitutional right, and whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U. S. 223, 231 (2009); *Morse v. Fusto*,

---

immunity.

No. 13-4074, 2015 U.S. App. LEXIS 16154, at *18 (2d Cir. Sept. 11, 2015).[5] Here, plaintiff has alleged no facts that would make out a violation of a constitutional right. He had no statutory or constitutional right to appear on the ballot during the 2014 primary election when, as the Third Department held, "the designating petition lacked the required number of signatures to support any of petitioners' candidacies, was facially defective and invalid in its entirety." *Sloan v. Kellner*, 120 A.D.3d at 896. Therefore, even had plaintiff alleged conduct by one of the State Defendants beyond the mere making a motion, Compl. ¶ 58, the conduct would not have violated a clearly established statutory or constitutional right of which a reasonable person would have known. *Pearson*, 555 U.S. at 231.

## IV. PLAINTIFF FAILS TO STATE A CLAIM THAT HIS CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED.

To state a claim against any defendant, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the unlawful conduct must be attributable to that particular defendant. *Id.* at 676; *Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014) ("If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant."). The individual State Defendants may not be held liable under § 1983 merely because of their positions at the State Board. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) (affirming dismissal of

---

[5] For example, defendant O'Keefe represented the State Board Commissioners in the State court action brought by plaintiff as well as in the plaintiff's Northern District action, *Sloan v. New York State Bd. of Elections*, No. 1:14-cv-01071. *See Sloan v. Kellner*, 120 A.D.3d at 895, and Goldberg Ex. C.

complaint against former Commissioner of the New York State Department of Corrections..

As set forth above, plaintiff alleges no factual allegations against the individual State Defendants, except for a single allegation that Ms. Galvin "moved that all the Sloan candidates be removed from the ballot," during a proceeding of the State Board prior to the 2014 Primary. Compl. ¶ 58. And although plaintiff complains at length about the 2014 proceedings during which his designating petition was found to be invalid by the State Board, his complaint against Ms. Galvin in her role as co-counsel is not actionable as he has alleged merely that she made a motion during a State Board meeting, and the State Board's conduct invalidating plaintiff's petition has been affirmed by the state courts. *See* Point I.

## V. THE STATE BOARD IS PROPERLY CONSTITUTED.

Plaintiff's allegations concerning the composition of the State Board are insufficient as a matter of law to state a claim because the doctrine of "one person-one vote" does not apply to appointive bodies. *See Sailors v. Board of Education of the County of Kent*, 387 U.S. 105, 111 (1967) (holding that "since the choice of members of the county school board did not involve an election and since none was required for these nonlegislative offices, the principle of 'one man, one vote' has no relevancy."). *See also Hadley v. Junior College Dist.*, 397 U.S. 50, 58 (1970) ("Where a State chooses to select members of an official body by appointment rather than election, and that choice does not itself offend the Constitution, the fact that each official does not 'represent' the same number of people does not deny those people equal protection of the law."). In this case, the New York State Constitution provides that any boards of elections shall be comprised

11

equally of members of the two major political parties who may be appointed or elected "in such manner . . . as the legislature may direct . . . ." N.Y. Const. art. 2, §8. In New York, the legislature chose to have the State Board comprised of four commissioners, two from each major party, and appointed by the governor. N.Y. Elec. Law § 3-100. The law does not require representation by the Republican and Democratic parties, as plaintiff alleges, but representation by "the two parties which polled for their respective candidates for the office of governor the highest and next highest number of votes at the last preceding election for such office." N.Y. Elec. Law § 1-104(24).

And although plaintiff is familiar with the Supreme Court's decision in *Sailors v. Bd. of Educ.*, he opines that his case is "much more similar" to the *Board of Estimates v. Morris*, 489 U.S. 688 (1988) than to *Sailors* (Compl. ¶ 83), when in fact, it is not. Not only has the Third Department already rejected plaintiff's allegation as to alleged constitutional infirmities of the election law, *Sloan v. Kellner*, 120 A.D.3d at 896, but a number of federal courts that have considered similar constitutional challenges to the composition of various boards have rejected them. *See Matheson v. New York City Bd. of Elec.*, No. 03-cv-04170-ERK-KAM (Dec. 18, 2007) (ECF. No. 61), annexed to Goldberg Decl. as Ex. D (rejecting similar challenge to State Constitution and the election law); *Green Party v. Weiner,* 216 F. Supp. 2d 176, 192-93 (S.D.N.Y. 2002) (rejecting an equal protection challenge to New York's statutory scheme of appointing election commissioners, following *Timmons v. Twin City Area New Party*, 520 U.S. 351 (1997)); *Warden v. Pataki*, 35 F. Supp. 2d 354, 360 (S.D.N.Y. 1999), *aff'd sub nom. Chan v. Pataki*, 201 F.3d 430 (2d Cir. 1999) (rejecting plaintiffs' equal protection and other voting-related claims); *Rosenthal v. Bd. of Educ. of Cent. High School. Dist. No. 3 of the*

12

*Town of Hempstead*, 385 F. Supp. 223, 226-27 (E.D.N.Y. 1974), (three-judge court), *aff'd* 420 U.S. 985 (1975) (holding that "the underlying principle of one vote per person does not apply to an appointive board, especially where it is charged with administrative duties. . . ."). As one court has stated, "[t]he consistent interpretation of *Sailors* and *Hadley* over the last three decades reinforces this court's conclusion that the Supreme Court long ago established that 'one person, one vote' does not come into play when officials are appointed rather than elected." *Cohanim v. N.Y. City Bd. of Educ.*, 204 F. Supp. 2d 452, 455 (E.D.N.Y. 2000).

## CONCLUSION

The State Defendants respectfully request that this Court dismiss the Complaint and grant such other relief as the Court may deem just and proper.

Dated: New York, New York
       December 10, 2015

                              Respectfully submitted,

                              ERIC T. SCHNEIDERMAN
                              Attorney General of the State of New York
                              *Attorney for Defendants* Douglas Kellner,
                              Kimberly Galvin, Kathleen O'Keefe and the
                              New York State Board of Elections

                By:  */s/ Jane R. Goldberg*
                              JANE R. GOLDBERG
                              Assistant Attorney General
                              120 Broadway, 24th floor
                              New York, NY 10271
                              tel: 1-212-416-6133
                              fax: 1-212-416-8694