15 CV 6963 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL H. SLOAN,

Plaintiff,

- against -

MICHAEL MICHEL, *et al.*,

Defendants.

## THE BOARD OF ELECTIONS IN THE CITY OF NEW YORK DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Stephen Kitzinger*
*Tel: (212) 356-2087*
*Matter No. 2015-037092*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

FACTS ........................................................................................................................ 2

      A.  The 2015 Designating Petition ........................................................ 2

      B.  The Board of Elections in the City of New York ........................................................ 5

ARGUMENT ................................................................................................................ 6

STANDARD OF REVIEW ............................................................................................ 6

POINT I

      PLAINTIFF FAILS TO STATE A VIABLE BALLOT ACCESS CLAIM. ................................................................ 8

      A.  Plaintiff's claim is moot. ................................................................ 8

      B.  Plaintiff's claim is barred by the Second Circuit's ruling in *Rivera-Powell* ........................................................ 9

      C.  Plaintiff's claim is barred by *res judicata* ........................................................ 10

POINT II

      PLAINTIFF HAS FAILED TO ALLEGE A VIABLE CLAIM THAT THE COMPOSITION OF THE BOARD VIOLATES THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE. ................................................................ 11

      A.  Plaintiff lacks standing to assert a claim challenging the manner in which the Board is appointed ........................................................ 11

      B.  Plaintiff fails to state a claim that his constitutional rights have been violated. ........................................................ 12

CONCLUSION ........................................................................................................ 16

i

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                    <u>**Pages**</u>

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................6

*Avery v. Midland County,*
    390 U.S. 474 (1968)................................................................................13

*Becker v. Federal Election Commission,*
    230 F. 3d 381 (1st Cir. 2000)................................................................11

*Bell Atlantic Corp., v. Twombly,*
    550 U.S. 554 (2007)..................................................................................6

*Bert v. N. Y City Bd. of Elections,*
    No. 06-cv-4789, 2006 U.S. Dist. LEXIS 63836 (E.D.N.Y. Sept. 7, 2006) ............................10

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147 (2d Cir. 2002)....................................................................7

*Connecticut v. Physicians Health Servs., Inc.,*
    287 F. 3d 110 (2d Cir. 2002)..................................................................11

*Cooper v. Parsky,*
    140 F.3d 433 (2d Cir. 1998)....................................................................6

*Cortec Industries, Inc. v. Sum Holding, L.P.,*
    949 F.2d 42 (2d Cir. 1991),
    *cert. denied,* 503 U.S. 960 (1992) .........................................................7

*Crist v. Commission on Presidential Debates,*
    262 F. 3d 193 (2d Cir. 2001)..................................................................11

*Dyna v. Vill. of Johnson City,*
    240 Fed. Appx. 432 (2d Cir. 2007)......................................................10

*Fox v. Bd. of Trustees,*
    42 F.3d 135 (2d Cir. 1994)......................................................................8

*Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.,*
    528 U.S. 167 (2000)................................................................................11

*Geisler v. Petrocelli,*
    616 F.2d 636 (2d Cir. 1980)....................................................................6

**Cases**                                                                  **Pages**

*Gottlieb. v. Federal Election Commission*,
    330 U.S. App. D.C. 104, 143 F. 3d 618 (D.C. Cir. 1998) ......................................11

*Hadley v. Junior College District of Metropolitan Kansas City*,
    397 U.S. 50 (1970)........................................................................13, 14, 15

*Hirsch v. Arthur Andersen & Co.*,
    72 F.3d 1085 (2d Cir. 1995)........................................................................7

*Hunter v. City of Pittsburgh*,
    207 U.S. 161 [1907]........................................................................14

*LaBounty v. Adler*,
    933 F.2d 121 (2d Cir. 1991)........................................................................6

*Lakonia Management Ltd.v. Meriwether*,
    106 F. Supp. 2d 540 (S.D.N.Y. 2000)........................................................................7

*Lehner v. O'Rourke*,
    339 F. Supp. 309 (S.D.N.Y. 1971) ........................................................................12

*Matheson v. v. New York City Board of Elections*,
    Case No. 03-4170 (E.D.N.Y. December 18, 2007) ........................................................13, 15

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67 (2d Cir. 1998),
    *cert. denied*, 525 U.S. 1103 (1999) ........................................................................7

*Paulemon v. Tobin*,
    30 F.3d 307 (2d Cir. 1994)........................................................................7

*Pitchell v. Callan*,
    13 F.3d 545 (2d Cir. 1994)........................................................................12

*Powell v. McCormack*,
    395 U.S. 486 (1969)........................................................................8

*Reynolds v. Sims*,
    377 U.S. 533 (1964)........................................................................13, 14

*Rivera-Powell v. New York City Bd. of Elec.*,
    470 F.3d 458 (2d Cir. 2006)........................................................................6, 9

**Cases**                                                                                                                                  **Pages**

*Rosenthal v. Board of Education of Central High School District No. 3*
   *of the Town of Hempstead,*
   385 F. Supp. 223 (E.D.N.Y. 1974), *sum. aff'd,* 420 U.S. 985 (1975).....................................15

*Roxbury Taxpayers Alliance v. Delaware County Board of Supervisors,*
   80 F. 3d 42 (2d Cir. 1996).........................................................................................15

*Sailors v. Board of Education of the County of Kent,*
   387 U.S. 105 (1967).........................................................................................13, 14, 15

*Schulz v. Williams,*
   44 F.3d 48 (2d Cir. 1994)...........................................................................................10

*Shanker v. Regents of the University of the State of New York,*
   19 N.Y. 2d 951 (1967) ...............................................................................................15

*Sloan v. Bd. of Elec.,*
   131 AD3d 429 (1st Dep't 2015) ..............................................................................4, 9

*Sloan v. Caruso,*
   566 Fed. Appx. 98 (2d Cir. 2013)................................................................................8

*Sloan v. Caruso,*
   No. 13-cv-06104, Document No. 28 (Memorandum and Order)
   (S.D.N.Y. May 6, 2014)..............................................................................................10

*Soto-Lopez v. New York City Civil Service Commission,*
   755 F.2d 266 (2d Cir. 1985),
   *aff'd,* 476 U.S. 898 (1986) .........................................................................................15

*Sykes v. James,*
   13 F.3d 515 (2d Cir. 1993)..........................................................................................12

*Velazquez v. Legal Services Corp.,*
   349 F. Supp. 2d 566 (E.D.N.Y. 2004) .......................................................................11

*Warden v. Pataki,*
   35 F. Supp. 2d 354 (S.D.N.Y. 1999)..........................................................................15

*Winburn v. Bennington-Rutland Supervisory Union,*
   732 F. Supp. 29 (D. Vt. 1990).....................................................................................15

*Wirtz v. Local Unions 410, 410A, 410B & 410C,*
   366 F.2d 438 (2d Cir.1966)..........................................................................................8

| **Statutes** | **Pages** |
|---|---|
| 42 U.S.C. § 1983 | 12 |
| Election Law Section 6-132(2) | 3 |
| Fed. R. Civ. P. 12(b)(6) | 6 |
| Fed. R. Evid. 201 | 7 |
| New York Election Law | 4, 5, 6 |
| New York Election Law Article 16 | 9, 10 |
| New York Election Law § 2-300 | 5 |
| New York Election Law § 16-102 | 10 |
| NewYork Election L. §§ 3-200 and 3-204 | 5 |
| NewYork Election L. §§ 3-300 and 3-404 | 5 |
| NewYork Election Law § 1-104 (24) | 5 |
| NewYork Election Law § 3-104 | 5 |

## **Other Authorities**

| | |
|---|---|
| First Amendment | 9 |
| Fourteenth Amendment | 9, 13, 15 |
| New York State Constitution Article 2 § 8 | 5 |
| 3 R.D. Rotunda & J.E. Nowack, *Treatise on Constitutional Law*, § 18.35 (2d ed. 1992) | 13 |
| State Board Rule 6215.7 | 2 |
| State Board Rule 9 NYCRR § 6215.1(a) | 3 |
| State Board Rule A1 | 3 |
| State Board Rule C1 | 3 |
| State Board Rule D1 | 2 |
| State Board Rule E1 | 3 |
| United States Constitution Article III | 8, 11 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

SAMUEL H. SLOAN,

                                   Plaintiff,

                                                   15 CV 6963 (LGS)

      - against -

MICHAEL MICHEL, *et al.*,

                                  Defendants.

---------------------------------------------------------------------- x


**THE BOARD OF ELECTIONS IN THE CITY OF NEW YORK DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT.**

        The Board of Elections in the City of New York (the "Board"), Michael Michel ("Michel"), Jose Miguel Aruajo ("Araujo"), Ronald Castorina, Jr. ("Castorina"), John Flateau ("Flateau"), Maria R. Guastella ("Guastella"), Bianka Perez ("Perez"), Michael A. Rendino ("Rendino"), Alan Schulkin ("Schulkin"), Simon Shamoun ("Shamoun," and together with Michel, Araujo, Castorina, Flateau, Guastella, Perez, Rendino, and Schulkin, the "Current Commissioners"), Gregory C. Soumas ("Soumas," and with the Current Commissioners, the "Commissioners"), Michael J. Ryan ("Ryan"), and Steven Howard Richman ("Richman, and together with the Board, the Commissioners, and Ryan, the "Board Defendants") submit this memorandum of law in support of their motion to dismiss the Complaint.

Plaintiff asserts two distinct claims: the first to have plaintiff's name, along with the others named on the designating petition[1] purporting to name him as judicial delegate to the Democratic Party Judicial Convention for the 12th Judicial District from the 77th Assembly District (the "Designating Petition"), in the September 10, 2015 Democratic Party Primary Election (the "Primary Election") restored to the ballot for the Primary Election and the second to have the City and State Boards of Elections be declared unconstitutional. Plaintiff's first claim – relating to having his named placed on the ballot – is moot as the election has concluded and the judicial delegates have met and acted. Additionally, it fails to state a claim upon which relief may be granted and is barred by the doctrine of *res judicata*. The second claim, that the composition of the Board is unconstitutional, is also without merit as appointed bodies are not subject to the "one person, one vote" doctrine as their members are, by definition, not elected, but appointed. As such, the complaint should be dismissed.

## FACTS

**A.    The 2015 Designating Petition**

On or about July 8, 2015, the Designating Petition was filed with the Board purporting to designate, among others, plaintiff as a candidate for the party position of Delegate to the Democratic Party Judicial Convention for the 12th Judicial District from the 77th Assembly District in the Primary Election.

---

[1] Plaintiff is not an attorney and therefore may not represent the interests of the other individuals named on the petition who are not even named as plaintiffs in this action. Accordingly, all allegations and claims related to the non-plaintiffs should be summarily disregarded.

In accordance with New York State Board of Elections (the "State Board") Rule 6215.7 and Board Designating Petition Rule D1, said petition and cover sheets were reviewed by Board staff, which identified several defects related to petitioners-appellants' candidacies:

> 1.      The individual Cover Sheets for each candidate were attached to the petition volume, contrary to the requirements of Board Rule C1;
>
> 2.      The sheets of the petition were not numbered sequentially at the foot of each sheet, as required by State Board Rule 9 NYCRR § 6215.1(a) and Board Rule A1.

These defects were presented to the duly appointed Commissioners' Cover Sheet Review Committee (the "Committee") at their meeting held on July 9, 2015. The Committee unanimously confirmed the staff's recommendations and directed that Notices of Non-Compliance be issued to the designated contact person, Millie Quinones.  Two such notices were issued: the basic Notice of Non-Compliance setting forth item 1 above; and a Notice of Non-Compliance relating to the sheets of the petition not sequentially numbered.  They were sent via US Postal Service Express Mail Next Day Delivery.

No attempted cure was filed in response to either Non-Compliance Notice, so all the candidates appearing on Volume 721, including plaintiff, were removed from the ballot as of July 9, 2015; as stated in the language contained in each of said notices.

In the course of reviewing the petition volume with respect to item 2 above, the staff also identified an additional problem with the petition; the witness statement on some of the pages of the petition did not set forth the number of signatures appearing on said page as mandated by Section 6-132(2) of the Election Law.  The identification of that issue resulted in a preliminary finding of a prima facie defect and the issuance of a Prima Facie Defect Notice to the designated contact person on July 9, 2015 (as provided for in Board Rule E1).  It, too, was

sent via the same US Postal Service Express Mail Next Day Delivery referred to above. That notice advised the contact person of the identified issue and that they could appear at the Board's administrative hearings.

As a result of the foregoing, the candidates for Judge of the Civil Court, 6 Delegates (including Mr. Sloan) and the 5 Alternate Delegates to the Judicial Convention, all appeared on the Legal Prima Facie Report for the Borough of the Bronx. The candidates named on that report were called at the start of the Bronx Petition Hearings on July 28, 2015, and said report, as amended (with respect to other candidates not related to this proceeding) was unanimously adopted by the Board.

In addition to the foregoing, Benny Catala, a defendant herein, filed and served an objection to the Designating Petition alleging that it lacked a sufficient number of signatures (valid or otherwise) to qualify plaintiff (and the others listed thereon) for the ballot. The Board's staff reviewed the petition and, having found less than 500 signatures on the Designating Petition, recommended that the Board determine that it was invalid for this reason, too. The Board adopted this recommendation.

Mr. Sloan commenced a proceeding in New York Supreme Court by Order to Show Cause on July 23, 2015 (after the action of the Commissioners' Cover Sheet Review Committee but prior to the hearing on the prima facie defect and the specification of objection described above) challenging the Board's determinations that the petition was invalid for the reasons set forth in the notices of non-compliance. That proceeding was dismissed by Supreme Court because it was jurisdictionally defective in that it failed to name the objector as required by the New York Election Law and, in the alternative, finding that the Designating Petition lacked a sufficient number of signatures to qualify for the ballot. Plaintiff appealed to the Appellate

Division, which, by order dated August 19, 2015, affirmed the Supreme Court's ruling. *Sloan v. Bd. of Elec.*, 131 AD3d 429 (1st Dep't 2015).

**B.      The Board of Elections in the City of New York**

The Board is a creature of the State Constitution and the law enacted pursuant thereto. As set forth in N.Y. Election Law § 3-104, the Board has responsibility for the enforcement of New York election laws within the city of New York. New York Election Law provides for the appointment of ten commissioners[2] in New York City by the City Council upon recommendation of the county committees of the two major parties. *See* N.Y. Elec. L. §§ 3-200, 3-204.[3] Board employees and election inspectors are also appointed on a bi-partisan basis. *See* N.Y. Elec. L. §§ 3-300 and 3-404. The statutory scheme derives from Article 2, § 8 of the New York State Constitution, which provides as follows:

> "All laws creating, regulating or affecting boards or officers charged with the duty of qualifying voters, or of distributing ballots to voters, or of receiving, recording or counting votes at elections, shall secure equal representation of the two political parties which, at the general election next preceding that for which such boards or officers are to serve, cast the highest and the next highest number of votes. All such boards and officers shall be appointed or elected in such manner, and upon the nomination of such representatives of said parties respectively, as

---

[2] Here, plaintiff named as defendants only nine of the Board's ten Commissioners.

[3]      N. Y. Elec. L. § 2-300 states that each of the major political parties shall be eligible to recommend appointment of an equal number of commissioners. Further, "In the city [of] New York the board shall consist of ten commissioners of election who shall be registered voters in the county for which they are appointed and they shall be appointed by the city council of the city of New York. Not more than two commissioners shall be registered voters of the same county." The term "major political parties" means "the two parties which polled for their respective candidates for the office of governor the highest and next highest number of votes at the last preceding election for such office." N.Y. Elec. Law § 1-104 (24).

the legislature may direct.  Existing laws on this subject shall continue until the legislature shall otherwise provide.  This section shall not apply to town, or village elections."

## ARGUMENT

As set forth more fully below, each of plaintiff's claims should be dismissed as they fail to state a claim upon which relief may be granted.  Plaintiff's claim concerning ballot access is moot, barred by the doctrine of res judicata, as well as the rule set forth in *Rivera-Powell v. New York City Bd. of Elec.*, 470 F.3d 458 (2d Cir. 2006), that the New York Election Law and the Board's procedures provide sufficient process to meet constitutional standards. Plaintiff's claim concerning the Board's composition should be dismissed as the one-person, one-vote rule does not apply to the Board.


## STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court merely assesses the legal feasibility of the complaint, and does not weigh the evidence that may be offered at trial.  *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).  All factual allegations in the complaint must be accepted as true, and the complaint must be viewed in the light most favorable to the plaintiff.  *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991).  That said, conclusory allegations are not entitled to the presumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  A motion to dismiss should be granted unless plaintiff has pled a set of facts that plausibly states a claim for relief.  *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (*citing Twombly*, 550 U.S. at 555).

Although a court is limited to the facts stated in the complaint, for purposes of a Rule 12(b)(6) motion, the complaint includes any documents attached as exhibits and any documents incorporated by reference. *See Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2d Cir. 1994); *Cortec Industries, Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992). Further, a court resolving a motion to dismiss the complaint may also consider matters of which judicial notice may be taken. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Pursuant to Fed. R. Evid. 201, the Court may take judicial notice of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably challenged." This includes matters of public record. *Lakonia Management Ltd.v. Meriwether*, 106 F. Supp. 2d 540 (S.D.N.Y. 2000) (*citing Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998), *cert. denied*, 525 U.S. 1103 (1999)), *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). Even liberally construed, plaintiff has failed to plead a set of facts that supports the granting of relief.

**POINT I**

**PLAINTIFF FAILS TO STATE A VIABLE**
**BALLOT ACCESS CLAIM.**

**A.      Plaintiff's claim is moot.**

Article III, Section 2 of the Constitution limits the role of federal courts to determining cases and controversies.  U.S. Constitution, Art. III, Section 2.  As a result, federal courts, with an exception not applicable here, may not rule on cases that are moot – that is, where the Court may not give effective relief.  *Fox v. Bd. of Trustees*, 42 F.3d 135, 139 n. 18 (2d Cir. 1994), *see also Sloan v. Caruso*, 566 Fed. Appx. 98 (2d Cir. 2013).  The Article III case and controversy requirement is a jurisdictional prerequisite, and thus mootness deprives a federal court of subject matter jurisdiction. *Fox*, 42 F3d at 140.  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted).  Here, plaintiff no longer has a legally cognizable interest in ballot access as the election has already occurred. In other words, even were the Court to determine that his name should have been placed on the ballot, plaintiff will not benefit from such a ruling as the votes have already been cast and canvassed.  *See Wirtz v. Local Unions 410, 410A, 410B & 410C,* 366 F.2d 438, 442 (2d Cir.1966) ("Since the rights of litigants are affected by the judicial remedies available, in evaluating whether a particular appeal has become moot, attention must be focused on the particular relief sought by the appellant.").

Although it is likely that plaintiff will argue that because he intends to run for office in the future this claim is subject to the capable of repetition yet evading review exception to the mootness doctrine, such argument is without merit.  In *Sloan v. Caruso*, the Second Circuit held that merely because Sloan claimed that he intended to run for office in the future, it is too

"speculative [of an] assertion that the 'same issue is likely to come up again'" and is nothing more than "a mere theoretical possibility that the controversy is capable of repetition." Such speculation is insufficient for this claim to be deemed capable of repetition yet evading review. *Sloan*, 556 Fed. Appx. at 99 (internal citations omitted).  Accordingly, plaintiff's ballot access claim is moot and should be dismissed.

**B.      Plaintiff's claim is barred by the Second Circuit's ruling in *Rivera-Powell*.**

Plaintiff claims that his First and Fourteenth Amendment rights were violated due to the Board's determination that the Designating Petition was invalid.  The Second Circuit, in *Rivera-Powell v. New York City Bd. of Elec.*, 470 F.3d 458 (2d Cir. 2006), concluded that where "a plaintiff challenges a Board of Election[s] decision not as stemming from a constitutionally or statutorily invalid law or regulation, but rather as contravening a law or regulation whose validity the plaintiff does not contest, there is no independent burden on First Amendment rights when the state provides adequate procedures by which to remedy the alleged illegality."  *Id.* at 469. Here, plaintiff complains not that any law, rule, or regulation violates the Constitution, but that the Board reached the wrong decision on the validity of the Designating Petition (for whatever reason).

In addition to the foregoing, to the extent that plaintiff alleges a deprivation of his rights because of the specific action taken by the Board, such claim must also fail pursuant to *Rivera-Powell*.  *Rivera-Powell* established that the Board's pre-deprivation hearing together with the availability of judicial review of Board determinations pursuant to Article 16 of the Election Law satisfied all Due Process requirements.  *Rivera-Powell*, 470 F.3d at 469.  Here, plaintiff could have and, in fact, did challenge the Board's determination in New York State Supreme

Court pursuant to Article 16 of the Election Law and such claim was explicitly rejected. *Sloan*, 131 AD3d 429. As such, this claim, too, must fail.

**C.    Plaintiff's claim is barred by *res judicata*.**

As set forth above, plaintiff acknowledges in the Complaint that he brought an action in New York Supreme Court challenging his removal from the ballot. As a result, the doctrine of *res judicata* bars him from asserting this ballot access claim here. *See Schulz v. Williams*, 44 F.3d 48, 53-55 (2d Cir. 1994) (*res judicata* bars a plaintiff from raising claims in federal court, including constitutional claims, that he brought or could have brought in a proceeding he had filed under New York Election Law § 16-102); *see also Dyna v. Vill. of Johnson City*, 240 Fed. Appx. 432, 434-35 (2d Cir. 2007) (noting that a state court judgment will have preclusive effect on a subsequently filed § 1983 action where those claims could have been raised in the state court proceeding); *Sloan v. Caruso*, No. 13-cv-06104, Document No. 28 (Memorandum and Order) (S.D.N.Y. May 6, 2014); *Bert v. N. Y City Bd. of Elections*, No. 06-cv-4789, 2006 U.S. Dist. LEXIS 63836, at* 16-19 (E.D.N.Y. Sept. 7, 2006).

Because plaintiff commenced an action under Article 16 of the Election Law in Supreme Court, his claim here for ballot access should be dismiss as barred by the doctrine of *res judicata*.

## POINT II

**PLAINTIFF HAS FAILED TO ALLEGE A VIABLE CLAIM THAT THE COMPOSITION OF THE BOARD VIOLATES THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE.**

**A.    Plaintiff lacks standing to assert a claim challenging the manner in which the Board is appointed.**

The requirement that a plaintiff have a concrete stake in the outcome of a lawsuit is well-settled.  *See*, *e.g*., *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 192 (2000).  Article III of the United States Constitution requires plaintiffs to have suffered an injury in fact which is "(a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical."  *See Velazquez v. Legal Services Corp.*, 349 F. Supp. 2d 566, 581 (E.D.N.Y. 2004), *citing Connecticut v. Physicians Health Servs., Inc.*, 287 F. 3d 110, 116-17 (2d Cir. 2002).  Additionally, plaintiff must allege that the injury-in-fact is fairly traceable to the challenged action of the defendant and likely to be redressed by the requested relief.

In *Crist v. Commission on Presidential Debates*, 262 F. 3d 193, 195 (2d Cir. 2001), the Second Circuit held that voters fail to present an injury-in-fact "when the alleged harm is abstract and widely shared or is only derivative of a harm experienced by a candidate." (affirming dismissal of plaintiff's challenge to the policy of the Commission on Presidential Debates to limit participation to those candidates who had a demonstrated measure of popularity), *citing Becker v. Federal Election Commission*, 230 F. 3d 381, 389-90 (1st Cir. 2000); *Gottlieb. v. Federal Election Commission*, 330 U.S. App. D.C. 104, 143 F. 3d 618 (D.C. Cir. 1998).  In this case, plaintiff alleges only a hypothetical harm to voters arising from the statutory scheme for the selection of Board commissioners – that is, that certain voters would have more "leverage" than others, but fails to identify how this has harmed him or anyone else in practice.

Because he fails to allege an injury-in-fact, plaintiff has no standing to seek the injunctive and declaratory relief against the Board. Indeed, plaintiff, as an enrolled Democrat, does not claim that he is harmed in that Democrats are underrepresented on the Board relative to registered voters in general. *See Lehner v. O'Rourke*, 339 F. Supp. 309, 314 (S.D.N.Y. 1971) (rejecting a challenge to procedure for appointment of election inspectors because plaintiff, a Democratic candidate, had no standing to object to the statutory scheme).

**B.    Plaintiff fails to state a claim that his constitutional rights have been violated.**

Should the Court determine that it has and will exercise subject matter jurisdiction and entertain plaintiff's claims, it should dismiss this action as plaintiff's allegations fail to support a cognizable claim. Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, which allows citizens to sue a state official for the deprivation of "any right, privilege, or immunity secured by the Constitution and law of the United States. Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citations omitted). "In order to maintain a section 1983 action, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citations omitted). As set forth below, plaintiff's amended complaint does not satisfy either requirement.

Plaintiff alleges that the bipartisan organization of the Board violates the principle of one person-one vote. Complaint, ¶ 89. Such allegations, however construed, are insufficient, as a matter of law, to state a claim, as the doctrine of one person-one vote does not apply to

13

appointive bodies such as the Board.  This Court, like Judge Korman in the Eastern District of New York in *Matheson v. v. New York City Board of Elections*, Case No. 03-4170 (E.D.N.Y. December 18, 2007), a copy of which is attached as Exhibit D to the Declaration of Jane R. Goldberg in Support of State Defendants' Motion to Dismiss the Complaint dated December 11, 2015, should find that because the Commissioners are appointed, not elected, the one person, one vote rule does not apply.

The Supreme Court established the one person-one vote principle in *Reynolds v. Sims*, 377 U.S. 533 (1964). *See*, *e.g.*, 3 R.D. Rotunda & J.E. Nowack, *Treatise on Constitutional Law*, § 18.35 (2d ed. 1992). The rule requires that

> whenever a state or local government decides to select persons *by popular election* to perform governmental functions, the Equal Protection Clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in that election.

*Hadley v. Junior College District of Metropolitan Kansas City*, 397 U.S. 50, 56 (1970)(emphasis supplied); *Avery v. Midland County*, 390 U.S. 474, 479 (1968)(extending rule articulated in *Reynolds* to local elections).  The object of the rule is to ensure that in elections for bodies performing governmental functions, voters enjoy the right guaranteed by the Fourteenth Amendment to have their votes given the same weight as that of other voters.  *Reynolds*, 377 U.S. at 562-63; *Hadley*, 397 U.S. at 53.

However, the Court has held the one person-one vote principle inapplicable to appointive positions.  *Sailors v. Board of Education of the County of Kent*, 387 U.S. 105 (1967). In *Sailors*, the Court held that application of the rule depends on whether the body at issue performs functions of an administrative or legislative character. *Id*. at 108.  The Court abandoned

this test in *Hadley* and made it clear that "the one crucial factor" is whether the officials at issue "are elected by popular vote."  *Hadley*, 397 U.S. at 54.

*Sailors* is nevertheless instructive for its analysis of the one person-one vote principle in relation to governmental organization and the concept of state sovereignty over municipalities.  Quoting *Reynolds*, the Court stated:

> Political subdivisions of States -- counties, cities or whatever -- never were and never have been considered as sovereign entities.  Rather, they have been traditionally regarded as subordinate governmental instrumentalities created by the State *to assist in the carrying out of state governmental functions*.  As stated by the Court in *Hunter v. City of Pittsburgh*, 207 U.S. 161, 178 [1907], these governmental units are "created as convenient agencies for exercising such of the governmental powers of the State as may be entrusted to them," and the "number, nature and duration of the powers conferred upon [them] * * * and the territory over which they shall be exercised rests *in the absolute discretion of the State*."

*Sailors*, 387 U.S. at 107-08 (emphasis supplied), *quoting Reynolds*, 377 U.S. at 575.  In light of the foregoing, the Court held, there is "no constitutional reason why state or local officers may not be chosen by the Governor, by the Legislature, or by some other appointive means rather than by election."  *Id*. at 108.

As the Court observed in regard to the State's chosen method of constituting a local board in Michigan, to sustain "viable local governments" a State may need to employ "many innovations, numerous combinations of old and new devices, *great flexibility in municipal arrangements to meet changing urban conditions*."  *Id*. at 110 (emphasis supplied). Recognition of State discretion in fashioning structures to meet local circumstances was reiterated by the Court in *Hadley*, 397 U.S. at 59.  It is only when "a State has decided to use the

15

process of popular election," however, that the one person-one vote principle comes into play. *Id*. at 59.

Within this Circuit, the boundaries of the one person-one vote doctrine have repeatedly been held to preclude challenges to the composition of various boards. For example, in *Matheson*, Judge Korman, rejecting the same claim plaintiff raises here, held that the one-person, one-vote doctrine did not apply to the composition of the Board as it is not an elected body, but rather an appointed one. *Matheson*, Case No. 03-4170, pp. 4-5**.** Similarly, this Court, in *Warden v. Pataki*, 35 F. Supp. 2d 354 (S.D.N.Y. 1999), concluded that the one-person, one-vote doctrine didn't apply to the New York City Board of Education because its members, like the Commissioners here, were appointed, not elected. *Warden*, 35 F.Supp.2d at 359-60. In *Rosenthal v. Board of Education of Central High School District No. 3 of the Town of Hempstead*, 385 F. Supp. 223, 226-27 (E.D.N.Y. 1974), *sum. aff'd*, 420 U.S. 985 (1975),[4] a three-judge panel sustained the composition of a school board which it found to be "essentially appointive in nature." Noting the *Hadley* refinement of the earlier rule as given in *Sailors*, the court held that "[o]nce it is determined that [board members] are not selected *by popular election*, there is no need to determine whether they perform functions that may be better defined as 'legislative' or 'administrative.'" *Id*. at 226 (emphasis supplied).[5]

---

[4] A summary affirmance by the Court is binding precedent and an endorsement of the district court's ruling. *Soto-Lopez v. New York City Civil Service Commission*, 755 F.2d 266, 272 (2d Cir. 1985), *aff'd*, 476 U.S. 898 (1986).

[5] Other cases in this Circuit have held that weighted voting among appointees does not implicate the Fourteenth Amendment, *Winburn v. Bennington-Rutland Supervisory Union*, 732 F. Supp. 29, 31-32 (D. Vt. 1990), and that weighted voting for popularly elected officials comports with one person-one vote. *Roxbury Taxpayers Alliance v. Delaware County Board of Supervisors*, 80 F. 3d 42, 47 (2d Cir. 1996). *See also*, *e.g.*, *Shanker v. Regents of the University of the State of New York*, 19 N.Y. 2d 951 (1967)(New York State Board of Regents, an appointive body, not violative of one person-one vote.

By reason of the foregoing, plaintiffs' attack on the Board on Equal Protection grounds, as violative of the principle of one person-one vote, fails as a matter of law, and this claim, too, must be dismissed.

## <u>CONCLUSION</u>

For the reasons set forth herein, the Board Defendants respectfully request that the Court enter an order dismissing the complaint and for such other and further relief as is just and proper.

Dated:    New York, New York
December 11, 2015

**ZACHARY W. CARTER**
Corporation Counsel of the
 City of New York
Attorney for the Board of Elections
 in the City of New York
100 Church Street, Room 2-126
New York, New York 10007
(212) 356-2087
e-mail: SKitzing@law.nyc.gov

By:    s/Stephen Kitzinger
Stephen Kitzinger
Assistant Corporation Counsel

18