UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL H. SLOAN,

                Plaintiff,

- against -

MICHAEL MICHEL, JOSE MIGUEL ARAUJO, RONALD CASTORINA, JR., JOHN FLATEAU, MARIA R. GUASTELLA, MICHAEL A. RENDINO, ALAN SCHULKIN, SIMON SHAMOUN, GREGORY C. SOUMAS, MICHAEL J. RYAN, BIANKA PEREZ, STEVEN HOWARD RICHMAN, JERRY H. GOLDFEDER, STANLEY KALMON SCHLEIN, VENANCIO BENNY CATALA, DANIEL SZALKIEWICZ, STEPHEN EDWARD KITZINGER, DOUGLAS ARTHUR KELLNER, KIMBERLY GALVIN, KATHLEEN O'KEEFE, BOARD OF ELECTIONS IN THE CITY OF NEW YORK, NEW YORK STATE BOARD OF ELECTIONS,

                Defendants.

15-CV-6963 (LGS)
**FILED BY ECF**

# STATE DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

                ERIC T. SCHNEIDERMAN
                Attorney General of the State of New York
                <u>Attorney for State Defendants</u>
                120 Broadway, 24th Floor
                New York, New York 10271
                Tel. (212) 416-6133

JANE R. GOLDBERG
Assistant Attorney General
  <u>of Counsel</u>

## PRELIMINARY STATEMENT

Defendants Douglas Arthur Kellner, Kimberly Galvin, Kathleen O'Keefe, and the New York State Board of Elections (the "State Board") (collectively "State Defendants"), through their attorney Eric T. Schneiderman, Attorney General of the State of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss.

In opposition to State Defendants' motion to dismiss, plaintiff submits a 107-paragraph, fifty-nine page affidavit replete with new factual allegations and conclusory assertions, and devoid of valid legal authority.[1] For the reasons discussed below, plaintiff's arguments are insufficient to remedy the procedural and substantive flaws identified in State Defendants' moving brief. Specifically, plaintiff: (1) offers no viable opposition to State Defendants' argument that plaintiff's claims are barred by the *Rooker-Feldman* doctrine and by the doctrine of issue preclusion; (2) fails to address State Defendants' arguments that the State's Eleventh Amendment sovereign immunity and the absolute and qualified immunities of the individual defendants preclude plaintiff's claims; and (3) offers only baseless conclusions about the plausibility of his constitutional claims. Plaintiff's arguments in opposition cannot salvage his claims, which should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Moreover, having made no specific allegation in the Complaint against defendant O'Keefe, in opposition, plaintiff attempts to assert new claims against her, accusing her of fraud. Plaintiff's new claims against defendant O'Keefe are not properly raised[2], and, in any event are baseless and subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] In filing a fifty-nine page affidavit rather than a memorandum of law limited to twenty-five pages, plaintiff has circumvented Rule III (B) (1) of the Court's Individual Rules and Procedures of Practice.

[2] The court may consider factual allegations contained in a pro se litigant's opposition papers. *See Rodriguez v Rodriguez*, No.10 Civ. 00891 (LGS), 2013 U.S. Dist. LEXIS 130029, at *3 (S.D.N.Y. July 8, 2013) (citing *Torrico v. Int'l Bus. Machs. Corp.*, 213 F. Supp. 2d 390, 399 n.4 (S.D.N.Y. 2002).

## I. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION.

As set forth in State Defendants' moving brief ("State Defs.' Mem."), this lawsuit is barred by the *Rooker-Feldman* doctrine[3] because plaintiff makes the same claims here—that the State Defendants illegally removed him from the 2014 Democratic Party primary and that the composition of the State Board violates the "one man, one vote" doctrine—as he made in New York State courts. The New York State Appellate Division Third Department held in that case that the State Board "was free to hold that the designating petition, which lacked the necessary number of signatures to support any of petitioners' candidacies, was facially defective and invalid in its entirety . . . ." *Sloan v. Kellner*, 120 A.D.3d 895, 896 (3d Dep't 2014).

Although he failed to allege so in his Complaint, plaintiff attempts to save his claim by raising in his opposition papers that defendant O'Keefe, a State attorney employed by the State Board, committed a fraud on the court, causing the court to erroneously reject his petition for judicial delegate in the 2014 primary election for Governor. *See* Pl.'s Aff. in Opp'n to State Defs.' Mot. to Dismiss ("Pl. Opp'n") ¶¶ 50-69. This is a claim that plaintiff could have made in state court but apparently did not. This is also a familiar theme, as plaintiff makes similar baseless and unsupported allegations concerning other attorney-defendants in this case. *See, e.g.* Pl.'s Opp'n ¶ 2; ¶¶ 96-97. The argument, such as it is, is unavailing, and cannot overcome the application of the *Rooker-Feldman* doctrine, which bars federal courts from reviewing state court judgments that were decided before the federal lawsuit was brought. In fact, this is plaintiff's second federal lawsuit seeking to revisit issues dismissed by the state court concerning the 2014 primary. In his first federal lawsuit, the court rejected plaintiff's motion for a preliminary

---

[3] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

2

injunction based on the application of the *Rooker-Feldman* doctrine. *See Sloan v. New York State Bd. of Elections*, No. 14-cv-01071, ECF No. 10; *see also* State Defs.' Mem., Goldberg Decl. Ex. B, ECF no. 40. Plaintiff's attempt to revisit this issue should be rejected and the Complaint should be dismissed.

## II. THE STATE DEFENDANTS ARE IMMUNE FROM PLAINTIFF'S CLAIMS.

Plaintiff fails to address, much less refute State Defendants' arguments that his claims are barred by the Eleventh Amendment and the doctrines of absolute and qualified immunity. *See* State Defs.' Mem. 7-9. Nor would he have any basis for doing so. Courts within the Second Circuit have made clear that the Eleventh Amendment provides immunity to the State, the State Board, and its Commissioners. *See, e.g. Dekom, v. New York*, No. 12-CV-1318, 2013 U.S. Dist. LEXIS 85360, at *34 (E.D.N.Y. June 18, 2013) (dismissing claims against the State Board and its Commissioners sued in their official capacity). Further, as previously set forth, any claim for injunctive relief against Commissioner Kellner in his official capacity is also barred by the Eleventh Amendment because Commissioner Kellner cannot redress plaintiff's grievance as to the composition of the State Board. *See* State Defs.' Mem. 8.

Plaintiff also fails to address State Defendants' argument that defendants Galvin and O'Keefe are entitled to either absolute or qualified immunity from suit as government attorneys. Defendant O'Keefe and defendant Galvin should be entitled to absolute immunity as they have been targeted here <u>because</u> they enforce the election law during meetings of the State Board and defend it in court. *See* State Defs.' Mem. 9-10. *See also Wang v. Logue*, 351 F. App'x 510 (2d Cir. 2009) (affirming dismissal of complaint against an Assistant Attorney General based on statements she made in court during the course of her representation). Plaintiff's baseless allegations concerning defendant O'Keefe do not compel a different result. *See, e.g., Sclafani v.*

3

*Spitzer*, 734 F. Supp. 2d 288, 297 (E.D.N.Y. 2010) (quoting *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) ("[O]nce a court determines that challenged conduct involves a function covered by absolute immunity, the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused, . . . ."). Thus, as established in State Defendants' moving brief, all of the individual Defendants remain absolutely immune.

Also, plaintiff has categorically failed to make sufficient factual allegations against the individual Defendants to overcome their immunity defenses. *See* State Defs.' Mem. 9-10. Thus, even if the Court should find the Defendants entitled only to qualified immunity, such a finding would still require dismissal because plaintiff has alleged no facts that would make out a violation of a constitutional right.

### III. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM THAT THE COMPOSITION OF THE STATE BOARD VIOLATES THE EQUAL PROTECTION CLAUSE.

Plaintiff does not counter State Defendants' argument concerning the constitutionality of the State Board of Elections. *See* State Defs.' Mem. 11-12. Accordingly, the Court should treat this aspect of the State Defendants' motion as unopposed and dismiss the § 1983 claims asserting violations of any constitutional rights. *See Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) ("[B]ecause plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed.").

Regardless, this claim should be dismissed on the merits. It is well settled that the doctrine of "one person-one vote" does not apply to appointive bodies. *See Hadley v. Junior College Dist.*, 397 U.S. 50, 58 (1970); *Sailors v. Board of Education of the County of Kent*, 387 U.S. 105, 111 (1967). The composition of the State Board is dictated by the New York State

Constitution. N.Y. Const. art. 2, § 8 and N.Y. Elec. Law § 3-100. The law does not require representation by the Republican and Democratic parties, as plaintiff alleges, but representation by "the two parties which polled for their respective candidates for the office of governor the highest and next highest number of votes at the last preceding election for such office." N.Y. Elec. Law § 1-104(24).

Attempts by plaintiff (and others) to have the State Board's composition declared unconstitutional have been rejected by both State and federal courts, including the Appellate Division Third Department in its decision in plaintiff's appeal concerning the 2014 primary. *See Sloan v. Kellner*, 120 A.D.3d at 896. Numerous federal decisions have also rejected such constitutional challenges. *See* State Defs.' Mem. 12-13. Therefore, for all the reasons set forth here and in State Defendants' Memorandum, this claim should be dismissed.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in State Defendants' moving brief, State Defendants respectfully request that this Court dismiss the Complaint in its entirety with prejudice and grant such other relief as the Court may deem just and proper.

Dated: New York, New York
January 14, 2016

>Respectfully submitted,
>
>ERIC T. SCHNEIDERMAN
>Attorney General of the State of New York
>*Attorney for Defendants* Douglas Kellner, Kimberly Galvin, Kathleen O'Keefe and the New York State Board of Elections
>
>By: _/s/ Jane R. Goldberg_
>JANE R. GOLDBERG
>Assistant Attorney General
>120 Broadway, 24th floor
>New York, NY 10271
>tel: 212-416-6133
>fax: 212-416-8694