UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SAMUEL H. SLOAN,

                                  Plaintiff,

                                                                     15 CV 6963 (LGS)

    - against -

MICHAEL MICHEL, *et al.*,

                                  Defendants.

------------------------------------------------------------------------ x

## THE BOARD DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT.

       The Board of Elections in the City of New York (the "Board"), Michael Michel ("Michel"), Jose Miguel Araujo ("Araujo"), Ronald Castorina, Jr. ("Castorina"), John Flateau ("Flateau"), Maria R. Guastella ("Guastella"), Bianka Perez ("Perez"), Michael A. Rendino ("Rendino"), Alan Schulkin ("Schulkin"), Simon Shamoun ("Shamoun," and together with Michel, Araujo, Castorina, Flateau, Guastella, Perez, Rendino, and Schulkin, the "Current Commissioners"), Gregory C. Soumas ("Soumas," and with the Current Commissioners, the "Commissioners"), Michael J. Ryan ("Ryan"), and Steven Howard Richman ("Richman, and together with the Board, the Commissioners, and Ryan, the "Board Defendants") submit this reply memorandum of law in further support of their motion to dismiss the Complaint.

       In opposition to the Board Defendants' motion to dismiss and the State Defendants' motion to dismiss, plaintiff filed a 59 page, 107 paragraph affidavit in opposition to motion to dismiss (the "Affidavit") that did nothing more than make slanderous and unsupported

allegations against the Board Defendants, the State Defendants, as well as the undersigned and the other attorney defendants, who previously moved to dismiss the Complaint.  Nowhere in those 59 pages does plaintiff dispute either that his claims concerning the 2015 election have been rendered moot by the occurrence of the election or that the one person-one vote doctrine does not apply to appointive bodies.

       Rather than confront the arguments raised in the Board Defendants' opening papers – that the ballot access claim is moot, barred by *Rivera-Powell*, and *res judicata*, and that the composition of the Board is lawful and that he lacks standing to make such a challenge – plaintiff chose to spill his ink on matters wholly extraneous to his claims.  In particular, he devoted the bulk of the Affidavit to allegations concerning designating petitions other than those at issue in the instant matter (including his unsuccessful attempt to challenge Congressman Serrano's designating petition in 2014 as well as the designating petitions seeking ballot access so that plaintiff could be a candidate for United States Representative and Governor of New York in 2014), impugning the integrity of the Justices of the Supreme Court of the State of New York and the Board Defendants, and the process by which the designating petition on which his name appeared was determined to be invalid,[1] yet he devotes no ink in an effort to demonstrate that such petition was actually valid (other than his conclusory statements which are in direct contravention to the findings of the Supreme Court of the State of New York, Bronx County, which actually reviewed the designating petition purporting to designate Sloan and others as candidates, which review entailed the counting of each signature thereon and found the number insufficient to achieve ballot access, and the Appellate Division which affirmed such findings).

---

[1] Ironically, he complains that the Board sent the notices of non-compliance to the contact person to correct deficiencies at the address listed on the Cover Sheet for that very purpose.

It is clear that plaintiff has no legal opposition to the Board Defendants' motion to dismiss and the allegations in the Affidavit are wholly non-responsive, irrelevant to the issues before the Court, and fail to raise a claim for relief on their own.

For the foregoing reasons as well as the reasons set forth in their opening papers, the Board Defendants respectfully request that the Court dismiss the complaint and grant such other and further relief as is just and proper.

Dated:     New York, New York
           January 15, 2016

                              **ZACHARY W. CARTER**
                              Corporation Counsel of the
                                City of New York
                              Attorney for the Board of Elections
                                in the City of New York
                              100 Church Street, Room 2-126
                              New York, New York  10007
                              (212) 356-2087
                              e-mail: SKitzing@law.nyc.gov


              By:    s/Stephen Kitzinger
                     Stephen Kitzinger
                     Assistant Corporation Counsel