UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
                                                    :
    SAMUEL H. SLOAN,                                :
                                Plaintiff,          :
                                                    :
                  -against-                         :
                                                    :
    MICHAEL MICHEL, et al.,                         :
                                                    :
                                Defendants.  :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/4/2016

15 Civ. 6963 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

　　Plaintiff Samuel H. Sloan, proceeding pro se, commenced this action against the New York State Board of Elections (the "State Board"), the New York City Board of Elections (the "City Board") and twenty individual Defendants to remedy purported constitutional violations arising from his removal from the election ballot and from the composition of the State and City Boards. Defendants move to dismiss the Complaint. For the following reasons, Defendants' motions to dismiss are granted.

I.　　**BACKGROUND**

　　The following facts are taken from the Complaint, documents attached to or integral to the Complaint and facts of which the Court is permitted to take judicial notice. As required for the present motion, all factual allegations in the Complaint are assumed to be true.

　　A.　　**The Parties**

　　Plaintiff has been a candidate for elective office on several occasions. In one of his responses to the motions to dismiss, Plaintiff asserts that he intends to run for office again. He commenced this action on September 3, 2015, against three sets of Defendants. First, the Complaint asserts claims against: the State Board; Douglas Arthur Kellner, Chairman of the

State Board; Kimberly Galvin, the Republican Party representative on the State Board; and Kathleen O'Keefe, the Democratic Party representative on the State Board (collectively, the "State Defendants").[1]  Second, the Complaint brings claims against:  the City Board; ten of its current or former commissioners;[2] Michael J. Ryan, the City Board's executive director; and Steven Howard Richman, the City Board's general counsel.  Finally, the Complaint asserts claims against:  Jerry H. Goldfeder, Stanley Kalmon Schlein and Daniel Szalkiewicz, three private attorneys who represent clients in election matters; Stephen E. Kitzinger, an attorney with the New York Department of Law; and Venancio Benny Catala, who objected to some of Plaintiff's nominating petitions.

### B.    Allegations

The Complaint alleges that Plaintiff was improperly removed from the election ballot for the primary elections in 2013, 2014 and 2015.

In 2013, Plaintiff filed a petition with the City Board seeking to be included on the ballot for the Republican Party nomination for the Mayor of the City of New York.  Defendant Daniel Szalkiewicz filed objections to the petition on behalf of an objector.  Following a hearing, the City Board removed Plaintiff from the ballot.  Plaintiff filed an action in state court, asserting he had been improperly removed from the ballot because, among other things, the objector's signature was forged.  After Plaintiff unsuccessfully sought relief in state court, he filed an action

---

[1] State Defendants assert that Galvin and O'Keefe are co-counsel to the State Board.

[2] The current commissioners named as Defendants are Michael Michel, Jose Miguel Aruajo, Ronald Castorina Jr., John Flateau, Maria R. Guastella, Bianka Perez, Michael A. Rendino, Alan Schulkin and Simon Shamoun.  The former commissioner named as a Defendant is Gregory C. Soumas.

in federal court that, among other things, asserted claims under the First and Fourteenth Amendments.  The federal action was dismissed based on the preclusive effects of the state court's judgment.

In 2014, Plaintiff filed a petition with the State Board, seeking to be included on the ballot for the Democratic Party nomination for the Governor of the State of New York.  On August 1, 2014, Defendant Kimberly Galvin made an oral request to remove Plaintiff from the ballot, and the list of candidates read by Defendant Douglas Arthur Kellner did not include Plaintiff.  After being removed from the ballot, Plaintiff commenced a proceeding in the New York Supreme Court against the State Board, Kellner and others pursuant to Election Law § 16-102, to declare his petition valid.  *Sloan v. Kellner*, 911 N.Y.S.2d 647, 647 (App. Div. 3d Dep't 2014).  According to Plaintiff's opposition to the motions to dismiss, Defendant Kathleen O'Keefe represented the State Board in this litigation and allegedly misled the state court by submitting an incomplete version of Plaintiff's petition into evidence and misstating New York law.  Plaintiff's counsel moved to set aside this evidence, but the motion was denied.

The New York Supreme Court dismissed the petition on August 15, 2014.  *See Kellner*, 911 N.Y.S.2d at 647.  On August 21, 2014, the Third Department affirmed, holding:  (1) the proceeding was jurisdictionally defective for failure to name and serve all those who had filed objections to the designating petitions; (2) the composition of the State Board did not violate the "one vote one person principle" embodied in the Fourteenth Amendment of the U.S. Constitution; and (3) the remaining claims were meritless.  *Id.* at 895–96.  The New York Court of Appeals denied Plaintiff's motion for leave to appeal.  *Sloan v. Kellner*, 23 N.Y.3d 908 (2014).

3

On August 29, 2014, Plaintiff filed an action in the U.S. District Court for the Northern District of New York against the State Board, Commissioner Kellner and other defendants not named in this action, based on Plaintiff's allegedly improper removal from the 2014 primary election ballot.  The action asserted claims under § 1983 for violations of the First and Fourteenth Amendments.  The district court denied the motion for preliminary injunction based partly on res judicata.  The case was subsequently dismissed without prejudice for failure to effectuate timely service.

On July 8, 2015, Plaintiff and eleven other candidates filed petitions with the City Board, seeking to be included on the ballot for the Democratic Party nominations for Judicial Delegate and New York Supreme Court Judge.  In July 2015, Defendant Stanley Schlein filed objections to these twelve candidates, including Plaintiff, on behalf of Defendant Benny Catala.  The objections asserted that the petitions contained less than the 500 signatures needed for a candidate to be placed on the ballot.  On July 28, 2015, Schlein addressed the City Board about the objections to the petitions filed by Plaintiff and the other eleven candidates.  Plaintiff was present at this meeting, but was "befuddled" by the proceeding because he had not been informed that specific objections had been filed or that a signature count had taken place.  Plaintiff and the eleven other candidates were removed from the ballot.

Plaintiff commenced a proceeding in the New York Supreme Court to validate his petition.  The judge held that:  (1) the case to validate the petition was jurisdictionally defective for failure to name a necessary party, namely, the objector to Plaintiff's petition (Catala); and (2) the petition was invalid as a matter of law since it did not contain the requisite number of signatures.  The First Department affirmed the decision on August 19, 2015.  *Sloan v. Bd. of*

*Elections in City of New York*, 14 N.Y.S.3d 901, 901 (1st Dep't 2015).  The New York Court of

Appeals denied Plaintiff's motion for leave to appeal on August 25, 2015.  *Sloan v. Bd. of*

*Elections in City of New York*, 25 N.Y.3d 914, 914 (2015).

      The Complaint in the present case asserts that Plaintiff's exclusion from the ballot on

these three occasions is part of a conspiracy by Defendants to keep outsider candidates like

Plaintiff from running for office and to protect insider candidates.  The gravamen of the

Complaint is that Defendants have not followed the New York Election Law in disqualifying

Plaintiff's petitions and saving insider candidates' petitions.  The Complaint asserts that in a

2014 hearing before the City Board, Plaintiff argued that his objections to a candidate

represented by Defendant Jerry Goldfeder were properly served because Goldfeder had agreed to

accept service.  The Complaint further asserts that, when Goldfeder began to speak in response,

Defendant Gregory Soumas -- then a commissioner on the City Board -- interrupted Goldfeder to

keep Goldfeder from admitting this allegation.  The Complaint further alleges that Defendant

Steven Richman argued in favor of validating the petitions of insider candidates that contained

improper stickers at a July 2015 hearing before the City Board.

      The Complaint also asserts that the state requirement that any boards of election shall be

comprised equally of members of the two major political parties violates the principle of "one

person, one vote" under the equal protection clause of the U.S. Constitution.

**C.    Procedural History**

      Plaintiff commenced this action on September 3, 2015.  Liberally construed, the

Complaint alleges claims under 42 U.S.C. § 1983 for:  (1) violations of Plaintiff's First and

Fourteenth Amendment rights based on Plaintiff's exclusion from the ballot in 2013, 2014 and

2015 ("Ballot Exclusion Claims"); (2) conspiracy to violate Plaintiff's First and Fourteenth Amendment rights ("Conspiracy Claims"); and (3) violations of the Equal Protection Clause of the Fourteenth Amendment based on the composition of State and City Boards ("Board Composition Claims").[3]

By Order dated September 9, 2015, Plaintiff's request for mandatory injunctive relief was denied.  The State Defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The remaining Defendants move to dismiss pursuant to Rule 12(b)(6).

## II.    LEGAL STANDARD

In defending against a motion to dismiss under Rule 12(b)(1), the non-moving party bears the burden of proving the court's subject matter jurisdiction by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In considering such motions, a court "may refer to evidence outside the pleadings" in resolving the motion.  *Id.*

On a motion to dismiss, courts accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010).  In resolving Rule 12(b)(6) motions, courts "may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are

---

[3] The Complaint also asserts that this action is brought under 42 U.S.C. § 1988.  Section 1988 provides in relevant part that, where federal law leaves gaps in providing suitable remedies for civil rights violations, courts should look to state law insofar as it is not inconsistent with federal law and permits a court to award attorney's fees to a prevailing party in certain cases.  *See* 42 U.S.C. § 1988.  Since the Complaint asserts violations of Plaintiff's constitutional rights and Plaintiff is proceeding pro se, § 1988 is inapplicable.

integral to the complaint." *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d

Cir. 2005).  Courts may also take judicial notice of matters of public record when considering

motions to dismiss.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Id.*  Federal Rule of Civil Procedure 8 "requires factual allegations that are sufficient to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Anderson*

*News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration in original)

(quoting *Twombly*, 550 U.S. at 555).

In construing complaints by plaintiffs proceeding pro se, courts "appl[y] a more flexible

standard to evaluate their sufficiency than [they] would when reviewing a complaint submitted

by counsel."  *Lerman v. Bd. of Elections in City of N.Y.*, 232 F.3d 135, 139-40 (2d Cir. 2000); *see*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers." (citation

omitted)).  Thus, courts are obligated to construe pro se pleadings with "'special solicitude,'

interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'"  *Hill v. Curcione*,

657 F.3d 116, 122 (2d Cir. 2011) (alterations in original) (quoting *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

## III.     DISCUSSION

### A.     Eleventh Amendment

The Eleventh Amendment bars all of Plaintiff's claims against the State Board.  Under

the Eleventh Amendment, "'state governments may not be sued in federal court unless they have

waived their Eleventh Amendment immunity,' or unless Congress has 'abrogate[d] the states'

Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the

Fourteenth Amendment.'"  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (quoting *Woods*

*v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006)).  "The

immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state

agents and state instrumentalities' that are, effectively, arms of a state."  *Woods*, 466 F.3d at 236

(quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

Here, the State Board is a state agency for purposes of the Eleventh Amendment.  *See*

*McMillan v. N.Y.S. Bd. of Elections*, 449 F. App'x 79, 79 (2d Cir. 2011) (affirming dismissal of

State Board based on Eleventh Amendment).  The Complaint's claims against the State Board

must be dismissed because "[i]t is well-established that New York has not consented to § 1983

suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity."

*Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (citations omitted).[4]

### B.     *Rooker-Feldman* Doctrine

The individual State Defendants argue that the claims against them should be dismissed

for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine because the

---

[4] This Opinion does not reach the issue of whether the Eleventh Amendment also bars Plaintiff's
claims against Defendant Kellner as he asserts in his motion, since all of Plaintiff's claims are
dismissed on other grounds as discussed below.

Complaint impermissibly seeks a review of the 2014 state court decision.  This argument is incorrect.

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments."  *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)).  There are "four requirements for the application of *Rooker–Feldman*": (1) the federal-court plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by a state court judgment"; (3) the plaintiff "invite[s] . . . review and rejection of that judgment"; and (4) the state judgment was "rendered before the district court proceedings commenced."  *Hoblock v. Albany Cty. Bd. of Elections.*, 422 F.3d 77, 85 (2d Cir. 2005) (internal alterations and quotation marks omitted).  Here, the second requirement is not met because this action does not arise out of an injury "produced" by the 2014 state court judgment; rather the state court "simply ratified, acquiesced in, or left unpunished" the actions challenged by Plaintiff. *Id.* at 88.  Accordingly, the *Rooker-Feldman* doctrine does not apply.

### C.    Section 1983 Claims

All of Plaintiff's claims arise under 42 U.S.C. § 1983.  To state a claim under § 1983, Plaintiff must show that Defendants acted "under color of state law" and "deprived [Plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).  The Complaint alleges violations of the First and Fourteenth Amendments, but the allegations are insufficient to sustain these claims.

1.        **Ballot Exclusion Claims**

The Ballot Exclusion Claims are barred by principles of res judicata.  "[A] federal court must give the same preclusive effect to a state court decision as a state would give it."  *Schulz v. Williams*, 44 F.3d 48, 53 (2d Cir. 1994).  "Under New York law, parties are precluded from raising in a subsequent proceeding any claim they could have raised in the prior one, where all of the claims arise from the same underlying transaction."  *Id.*  "Moreover, 'a judgment in a prior action is binding not only on the parties to that action, but on those in privity with them.'"  *Id.* (quoting *Green v. Santa Fe Indus., Inc.*, 70 N.Y.2d 244, 253 (1987)).

Here, Plaintiff unsuccessfully brought actions in New York state court challenging his exclusion from ballots in the 2013, 2014 and 2015 primary elections.  As a result, he cannot reassert these claims, or any other claims that he could have brought, arising out of his exclusion from the ballot.  *See Schulz*, 44 F.3d at 53-55 (explaining that principles of res judicata barred a plaintiff from raising in federal court claims, including constitutional claims, that he brought or could have brought in a proceeding he filed under New York Election Law § 16-102); *see also Dyno v. Vill. of Johnson City*, 240 F. App'x 432, 434 (2d Cir. 2007) (stating that "a state court judgment will have a preclusive effect on a subsequently filed § 1983 action where the § 1983 claims could have been raised in the state court action").  Accordingly, the Complaint's § 1983 claim based on Plaintiff's allegedly improper removal from the ballot is dismissed.

The Ballot Exclusion Claims are also dismissed for the independent reason of failure to state a claim.  The due process clause protects against deprivations of constitutionally protected rights without due process of law.  *See Rivera–Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006). "[T]o determine whether a constitutional violation has occurred, it is

necessary to ask what process the State provided, and whether it was constitutionally adequate." *Id.* at 465 (quoting *Zinerman v. Burch*, 494 U.S. 113, 126 (alteration in original)).  In considering the adequacy of the process, "the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Id.* (quoting *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996)).  If the state conduct is random and unauthorized, a post-deprivation remedy satisfies due process. *Id.*  If the state action is based on established state procedures, a post-deprivation remedy is not necessarily adequate and a pre-deprivation hearing may also be necessary. *Id.*

Here, the procedural due process claim is premised on Defendants' alleged violations of New York law and local party policies and procedures.  Such allegations amount to an assertion that Defendants' actions were random and unauthorized.  Therefore, the expedited state court proceedings provided pursuant to "New York Election Law § 16-102 provides an adequate post-deprivation remedy . . . ." *Dekom v. Nassau Cty.*, 595 F. App'x 12, 14 (2d Cir. 2014) (citing *Rivera-Powell*, 470 F.3d 465-67).  Accordingly, the procedural due process claim arising from the dispute over the failure to list Plaintiff's name on the ballots fails as a matter of law.

Since the Complaint's First Amendment claim is "virtually indistinguishable from [its] due process claim," *Rivera-Powell*, 470 at 468, this claim is dismissed for the same reason.

### 2.    Conspiracy Claims

As the Complaint does not allege an actionable claim for a violation of Plaintiff's constitutional rights, any claim for conspiracy to deprive Plaintiff of his constitutional rights also fails. *See Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (stating that § 1983

11

conspiracy claim "will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right").

The conspiracy claim is dismissed for the additional reason of failure to state a claim. "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) [an] act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). "In addition, 'complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.'" *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (quoting *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993)).

Here, even reading the Complaint liberally, Plaintiff fails to allege plausibly that Defendants had a meeting of the minds to enter into an agreement, either express or tacit, to achieve an unlawful end. With respect to current City Board Commissioners, the Complaint contains no factual allegations about their conduct. With respect to the remaining Defendants, the Complaint identifies approximately one or two actions taken by each Defendant and urges an inference of conspiracy from these facts. Such an inference is not "reasonable" in light of the "obvious alternative explanation" that these activities are not coordinated activities. *See Iqbal*, 556 U.S. at 678, 682. Accordingly, the conspiracy claims are dismissed.

### 3.     Board Composition Claims

The Complaint asserts that the compositions of the State and City Boards do not give equal weight to each voter as required by the Equal Protection Clause of the Fourteenth Amendment.  For the reasons below, these claims are dismissed.

### a.     State Board

Res judicata bars the claim that the State Board's composition is unconstitutional.  As discussed above, a federal court must give the same preclusive effect to a state court decision as a state would give it.  *Schulz*, 44 F.3d at 53.  Plaintiff previously brought in state court the same board composition claim that he brings here.  In August 2014, the Third Department affirmed dismissal of this claim because "the underlying principle of one vote per person does not apply to an appointive board, especially where it is charged with administrative duties."  *Kellner*, 911 N.Y.S.2d at 675.  As Plaintiff previously litigated this claim in state court and lost, he is precluded from raising it again in this action.

### b.     City Board

The Complaint's challenge to the composition of the City Board is the same as his challenge to the State Board -- that the state requirement that any boards of election shall be comprised equally of members of the two major political parties violates the principle of "one person, one vote" under the Equal Protection Clause of the U.S. Constitution because the board does not represent minor party or independent voters.

This claim fails because Plaintiff lacks standing to challenge the composition of the City Board.  To satisfy the constitutional requirement of standing, a plaintiff must demonstrate (1) "an injury in fact," (2) "a causal connection between the injury and the conduct complained of," and

(3) that "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations omitted).  Where a plaintiff brings an equal protection challenge, "standing has been shown where '(1) there exists a reasonable likelihood that the plaintiff is in the disadvantaged group, (2) there exists a government-erected barrier, and (3) the barrier causes members of one group to be treated differently from members of the other group.'"  *Able v. United States*, 88 F.3d 1280, 1291 (2d Cir. 1996) (quoting *Comer v. Cisneros*, 37 F.3d 775, 793 (2d Cir. 1994)).

Here, the Complaint has not and cannot plausibly allege that it is likely, and not merely speculative, that Plaintiff's efforts to be placed on the primary ballot would have been successful had the composition of the City Board included representatives of minority parties or independents.  As for the equal protection claim, the Complaint does not allege that Plaintiff is in a disadvantaged group.  The Complaint generally alleges that independent and minority party voters are disadvantaged, but does not allege that Plaintiff belongs to any of these groups or that he is a voter.  To the contrary, the Complaint alleges that Plaintiff sought to be included in the Republican slate in 2013 and that the Republican party is advantaged by Plaintiff's challenge to the state rules.  For these reasons, Plaintiff lacks standing to bring this claim.

Even assuming Plaintiff's standing, this claim is dismissed for failure to state a claim.  It fails for the same substantive reason that the challenge to the composition of the State Board failed in state court.  The "one person, one vote" principle has no applicability when the governmental body at issue is appointive rather than elective.  *See Sailors v. Bd. of Educ.*, 387 U.S. 105, 111 (1967) ("Since the choice of members of the county school board did not involve an election . . . , the principle of 'one man, one vote' has no relevancy."); *see also Hadley v.*

*Junior College Dist.*, 397 U.S. 50, 54-58 (1970) ("[W]here a State chooses to select members of an official body by appointment rather than election, and that choice does not itself offend the Constitution, the fact that each official does not 'represent' the same number of people does not deny those people equal protection of the laws." (quoting *Sailors*, 387 U.S. at 105)).

As the members of the City Board are appointed, Plaintiff's constitutional challenge fails. The New York State Constitution provides that boards of election shall be comprised equally of members of the two major political parties and that "such boards and officers shall be appointed or elected in such manner, and upon the nomination of such representatives of said parties respectively, as the legislature may direct." N.Y. Const. art. 2, § 8. "Major political parties means the two parties which polled for their respective candidates for the office of governor the highest and next highest number of votes as the last preceding election for such office." N.Y. Elec. Law § 1-104(24) (McKinney 2016). New York Election Law provides, in relevant part, that "[i]n the city New York the board shall consist of ten commissioners of election who shall . . . be *appointed* by the city council of the city of New York." *Id.* § 3-200(3) (emphasis added). Accordingly, the principle of "one person, one vote" is inapplicable.

In seeking a contrary outcome, Plaintiff asserts that *Bd. of Estimate of the City of New York v. Morris*, 489 U.S. 688 (1989), mandates a different outcome. This is incorrect. In *Morris*, the Supreme Court affirmed a lower court's decision that the composition of the New York City's Board of Estimate was unconstitutional because its members were elected and not appointed. *Morris*, 489 U.S. at 690. The Board of Estimate consisted of the mayor and two other officials elected citywide, each of whom cast two votes, and the elected president of each of New York City's five boroughs, each of whom cast one vote. *Id.* at 688. The Supreme Court

reasoned that the Board of Estimate triggered the "one man, one vote" safeguard because "[a]ll eight officials become members as a matter of law upon their various elections." *Id.* at 694. Accordingly, this argument fails.

       **D.**     **Leave to Amend**

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not warranted where it would be futile. *See Hill*, 657 F.3d at 122-24 (2d Cir. 2011). As Plaintiff's claims cannot be cured with an amendment, leave to amend is denied.

**IV.**     **CONCLUSION**

For the foregoing reasons, Defendants' motion is GRANTED. The Clerk of Court is directed to close Dkt. No. 35, 38 and 43 and to close the case.

SO ORDERED.

Dated: April 4, 2016
      New York, New York

                                              **LORNA G. SCHOFIELD**
                                   **UNITED STATES DISTRICT JUDGE**