MANDATE

N.Y.S.D. Case #
15-cv-6963(LGS)

16-1185-cv
*Samuel H. Sloan v. Alan Schulkin, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand seventeen.

PRESENT:   AMALYA L. KEARSE,
           JOSÉ A. CABRANES,
           RAYMOND J. LOHIER, JR.,

                              *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _July 05, 2017 ___

SAMUEL H. SLOAN,

                    *Plaintiff-Appellant,*                    16-1185-cv

            v.

ALAN SCHULKIN, BIANKA PEREZ, MARIA R. GUASTELLA, JOHN FLATEAU, MICHAEL A. RENDINO, JERRY H. GOLDFEDER, MICHAEL MICHEL, STANLEY KALMON SCHLEIN, JOSE MIGUEL ARAUJO, STEVEN H. RICHMAN, KATHLEEN O'KEEFE, RONALD CASTORINA, JR., NEW YORK CITY BOARD OF ELECTIONS, STEPHEN EDWARD KITZINGER, SIMON SHAMOUN, NEW YORK STATE BOARD OF ELECTIONS, KIMBERLY A. GALVIN, GREGORY C. SOUMAS, DOUGLAS ARTHUR KELLNER, VENANCIO BENNY CATALA, MICHAEL J. RYAN,

                    *Defendants-Appellees,*

DANIEL SZALKIEWICZ,

                    *Defendant.*

**FOR PLAINTIFF-APPELLANT:**                    SAMUEL H. SLOAN, *pro se*, Bronx, NY.

1

MANDATE ISSUED ON 07/05/2017

**FOR MUNICIPAL DEFENDANTS-APPELLEES:** EMMA GRUNBERG and Pamela Seider Dolgow, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

**FOR STATE DEFENDANTS-APPELLEES:** DAVID LAWRENCE III, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, and Steven C. Wu, Deputy Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

**FOR VENANCIO CATALA DEFENDANT-APPELLEE:** Marissa Sotto, Law Office of Sotto & Associates, P.C., Bronx, NY.

**FOR JERRY H. GOLDFEDER DEFENDANT-APPELLEE:** Jerry H. Goldfeder, *pro se*, New York, NY.

**FOR STANLEY KALMON SCHLEIN DEFENDANT-APPELLEE:** Stanley Kalmon Schlein, *pro se*, Bronx, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 4, 2016 judgment is **AFFIRMED**.

Plaintiff-appellant Samuel Sloan, *pro se*, brought an action in the District Court against the New York State and New York City Boards of Elections (the "State Board" and the "City Board" respectively), board commissioners, and private citizens under 42 U.S.C. § 1983 for various constitutional violations. Specifically, Sloan claimed that he was excluded from various election ballots in 2013, 2014, and 2015 in violation of the Due Process Clause of the Fourteenth Amendment and the First Amendment (the "ballot exclusion claims"), and that the composition of the State and City Boards violates the "one man, one vote" principal under the Equal Protection Clause (the "composition claims"). The District Court dismissed Sloan's claims on a variety of grounds. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* "a district court's dismissal of a complaint pursuant to [Federal Rule of Civil Procedure] 12(b)(6) . . . , accept[ing] all well-pleaded allegations in the complaint as true, [and] drawing all reasonable inferences in the plaintiff's favor." *Operating Local 649 Annuity Trust Fund v.*

*Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010). On appeal from a judgment dismissing an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "we review factual findings for clear error and legal conclusions *de novo*." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (internal quotation marks omitted).

As an initial matter, we agree with the District Court that the Eleventh Amendment to the United States Constitution bars all of Sloan's claims brought against the State Board under Section 1983. *See Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (holding that plaintiff's Section 1983 claims against the New York State Department of Motor Vehicles (the "DMV") were "clearly barred by the Eleventh Amendment because the DMV is a state agency").

We also agree with the District Court that Sloan's Section 1983 claims against the individual defendants for violations of the First and Fourteenth Amendments, *i.e.*, his ballot exclusion claims, fail as a matter of law. As we have observed on prior occasions, "[t]he Due Process Clause does not protect against all deprivations of constitutionally protected interests in life, liberty, or property, 'only against deprivations without due process of law.'" *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (quoting *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)). To that end, individuals may bring due process claims premised on two different theories: (1) an established state procedure violated due process, or (2) "random, unauthorized acts by state employees" violated due process. *Id.* at 465 (internal quotation marks). If the allegedly unconstitutional conduct was "random [and] unauthorized," then a post-deprivation remedy will satisfy due process. *Id.*

Sloan's allegation that the individual defendants unlawfully excluded him from various ballots amounts to a due process claim premised on "random, unauthorized acts by state [and city] employees." *Id.* Because New York law provides for an adequate post-deprivation remedy to a candidate aggrieved by his exclusion from a ballot—an expedited proceeding in state court pursuant to New York Election Law § 16-102—Sloan fails to allege the existence of a due process violation. *See id.* at 467 (due process satisfied where City Board considered aggrieved candidate's objection and state law provided her "the opportunity to obtain full judicial review by way of a special proceeding under New York Election Law Section 16-102"). In addition, because Sloan's "First Amendment claim is inextricably intertwined with the question of whether the state afforded [him] procedurally adequate process," it fails for the same reasons. *Id.* at 469.

With respect to Sloan's composition claims, the District Court correctly concluded that Sloan lacked standing to challenge the composition of the City Board. Although the District Court disposed of Sloan's composition claims against the State Board on other grounds, we conclude that Sloan similarly lacked standing to challenge the composition of the State Board. *See 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co.*, 634 F.3d 112, 125 (2d Cir. 2011) ("[W]e may affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied.") (internal quotation marks omitted).

To have standing, a plaintiff must show that (1) he has an injury in fact, (2) there is a causal connection between the injury and conduct of which the plaintiff complains, and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations omitted). A plaintiff need only show that a favorable decision will relieve a discrete injury to him, not that it would relieve his every injury. *Larson v. Valente*, 456 U.S. 228, 243, 243 n.15 (1982).

Sloan challenges the composition of the State and City Board on the ground that including only Republicans and Democrats on the Boards violates the Equal Protection Clause. As the District Court reasoned, Sloan lacks standing to bring this claim because he fails to allege that he was part of "the disadvantaged group." *Able v. United States*, 88 F.3d 1280, 1291 (2d Cir. 1996) (internal quotation marks omitted). More specifically, because Sloan claims that he was a Democrat and then a Republican, and thus *was not* a member of any of the independent and minority parties who lack representation on the elections boards, he fails to allege an injury likely to be "redressed by a favorable decision" here. *Lujan*, 504 U.S. at 561; *see League of Women Voters v. Nassau Cnty. Bd. of Supervisors*, 737 F.2d 155, 161-62 (2d Cir. 1984) (holding that plaintiffs "as voters from overrepresented municipalities, . . . cannot claim any injury").

## CONCLUSION

We have considered all of the arguments raised by Sloan and find them to be without merit. For the foregoing reasons, the April 4, 2016 judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

*Catherine O'Hagan Wolfe*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*Catherine O'Hagan Wolfe*

4